THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. GEORGE LIEDECKER, Plaintiff in Error.

*Opinion filed April 19, 1913.*

1. CRIMINAL LAW—*when it will be presumed that person convicted of rape was more than twenty-one years of age.* In the absence of a bill of exceptions showing the evidence, instructions and grounds of the motion for new trial in a prosecution for rape, it will be presumed, on writ of error, that the accused was more than twenty-one years of age and that the jury were therefore not required to find his age, where the indictment charges the accused was a male person of the age of sixteen years "and upwards," as such allegation will permit proof of any age over sixteen years.

2. SAME—*statute requiring jury to find age of accused applies only to minors.* Section 10 of the Reformatory act, which provides that the jury shall find whether or not the defendant is between the ages of ten and twenty-one years, and if between such ages shall find his age, was intended to apply to minors, only, and not to operate as a repeal of the existing provisions of the Criminal Code so far as adults are concerned.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding.

LOUIS GREENBERG, for plaintiff in error.

P. J. LUCEY, Attorney General, and WAYNE H. DYER, State's Attorney, (JOEL C. FITCH, of counsel,) for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error was convicted of the crime of rape, in the circuit court of Kankakee county, and was sentenced to the penitentiary. The indictment charged that the act was committed forcibly, and that plaintiff in error was then and there a male person of the age of sixteen years and upwards. By their verdict the jury found him guilty in manner and form as charged in the indictment, and fixed his punishment at imprisonment in the penitentiary for the period of five years.

The sole ground relied upon for reversal is that the jury failed to find the age of defendant by their verdict. The record contains no bill of exceptions, and the evidence, instructions and the grounds relied upon in the motions for new trial and in arrest of judgment are therefore not before us. This same question arose in *Sullivan* v. *People,* 156 Ill. 94, and we there held that section 10 of the "Act to establish the Illinois reformatory," etc., approved June 18, 1891, in force July 1, 1891, and which provides that the jury shall find whether or not the defendant is between the ages of ten and twenty-one years, and if between such ages shall find his age, was intended to apply to minors, only, and not to operate as a repeal of existing provisions of the Criminal Code so far as adults are concerned. In that case there was no bill of exceptions and the record was the same as here presented. Referring to that situation we there said: "In proper cases it is the duty of the court to properly instruct the jury in regard to finding the ages of persons on trial for criminal offenses. It will be presumed that such instructions were given in this case. It does not here appear that the verdict was objected to in the court below, either at the time it was rendered or by motion for new trial or in arrest of judgment," and held that in that condition of the record it would be presumed that the defendant was more than twenty-one years of age, as the jury were not required to find his age in their verdict unless proof was introduced to show that he was under twenty-one years of age. That holding has been followed in *Doss* v. *People,* 158 Ill. 660, *Porter* v. *People,* id. 370, and *Herder* v. *People,* 209 id. 50, and is conclusive of this question.

Plaintiff in error, in support of his contention, relies upon *People* v. *Smith,* 253 Ill. 283, and *People* v. *Stowers,* 254 id. 588. Those cases are not in conflict with the doctrine announced in the *Sullivan case* and have no bearing upon this question.

The indictment does not charge that the defendant, at the time of the commission of the offense, was sixteen years of age, as plaintiff in error contends. It charges, in the language of the statute, that he was then and there a male person of the age of sixteen years and upwards, which was merely a charge that he was over sixteen years of age and would admit of proof of any age over sixteen years.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*