## Commonwealth v. Diebold.

(Decided December 21, 1923.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Intoxicating Liquors—Statement that Affiant Smelled Odors of Intoxicating Liquor Supported Search Warrant.—Statement, in affidavit for search warrant, that affiant on certain date "smelled the odors and fumes of intoxicating liquors coming from' and off said premises," was not a mere conclusion based upon information, belief, or conjecture, but a fact ascertained as a matter of personal knowledge, and the affidavit was sufficient to authorize the issuance of a search warrant.

2. Searches and Seizures—Matters to be Included in Affidavit and Search Warrant.—Provisions of Constitution, section 10, relating to searches and seizures, require only a reasonable description in affidavit and warrant of the property or premises to be searched, and that facts shall be stated sufficient to create in the mind of the officer issuing the warrant probable cause to believe that the offense was committed or that the facts sought to be discovered exist.

THOS. B. McGREGOR, Attorney General, CHAS. W. LOGAN, Assistant Attorney General, and JOSEPH S. LAWTON for appellant.

HUGGINS & OLDHAM and RONALD C. OLDHAM for appellee.

Opinion of the Court by Judge Settle—Certifying the law.

The appellee, James Diebold, following his arrest under a warrant issued by Albert Nisbet, a magistrate of Jefferson country, charging him with the offense of unlawfully having in his possession intoxicating liquors, not for sacramental, medicinal, mechanical or scientific purposes, on his trial in the court of that magistrate was found guilty by verdict of a jury and his punishment thereby fixed at a fine of $300.00 and imprisonment of thirty days in jail. From the judgment entered upon that verdict he duly prosecuted an appeal to the Jefferson circuit court, criminal division, and on his trial in the latter court upon the conclusion of the Commonwealth's evidence, the court, on his motion, peremptorily instructed the jury to return a verdict finding him not guilty of the offense charged, which was accordingly done. And from the judgment entered on that verdict the Commonwealth was granted and has prosecuted the present appeal, solely for the purpose of obtaining of this court a certification of the law.

On the trial in the circuit court the only witness introduced for the Commonwealth was George Justice, of the Louisville police force, who testified that he made the arrest of the appellant, Diebold, and also made a search of his residence, 225 South Forty-first street, city of Louisville, by virtue of a search warrant issued, through his (the officer's) procurement and upon his affidavit, by Magistrate Nisbet for that purpose. At this juncture the search warrant under which the appellant's house was searched and affidavit upon which it was issued, were produced and offered in evidence by the Commonwealth, but on the objection of the appellant both were excluded by the trial court, as well as all evidence then and subsequently offered through the witness, Justice, as shown by the questions and avowals appearing in the record in respect to his discoveries of intoxicating liquors made in searching the appellant's house. At the same time, the court on the appellant's motion, quashed the search warrant and affidavit upon which it was procured, and to these several rulings of the court the Commonwealth duly excepted.

The exclusion by the trial court of the search warrant, affidavit therefor and other evidence offered by the Commonwealth, was followed by its giving of the peremptory instruction asked by the appellant and the return by the jury of the verdict thereby directed, and the rulings of the court referred to were based upon its conclusion that the issuance of the search warrant was unauthorized on the grounds stated in the affidavit made by the police officer for that purpose. It is insisted for the Commonwealth that the grounds stated in the affidavit of the police officer were sufficient to authorize the issuance of the search warrant, and whether this contention is sound or unsound, is the sole question to be determined on this appeal.

The affidavit is in words and figures as follows:

"State of Kentucky ⎫
County of Jefferson ⎬ ss:
⎭

"AFFIDAVIT FOR SEARCH WARRANT

"Be it remembered that on this day, before me, the undersigned Albert Nisbet, justice of the peace, of Jefferson county, in the state of Kentucky, came

G. E. Justice, a reputable citizen of the county of Jefferson, who being by me duly sworn, deposes and says that he has good reason to believe and does believe that intoxicating liquors are being sold or manufactured or disposed of or illegally possessed for other than sacramental, medicinal, scientific or mechanical purposes in violation of the statute in such cases made and provided, upon the premises located at 225 South Forty-first street, Louisville, Ky., and consisting of frame bungalow, attic, halls, closets, basement, yard and all out buildings being the premises of J. Diebold and being situated in Jefferson county, Kentucky.

"That his reason for believing that intoxicating liquors are being sold or manufactured or disposed of or illegally possessed in violation of the statute in such cases made and provided, are as follows:

"The affiant says that on March 28th, 1923, he smelled the odors and fumes of intoxicating liquors coming from and off said premises, and prays that a search warrant may be issued for the search of said premises to learn if said intoxicating liquors are so had and possessed in violation of law.

"(Signed)   G. D. Justice

"Subscribed and sworn to before me by G. E. Justice this 28th day of March 1923.

"(Signed)   Albert Nisbet,
J. P. J. C. Ky."

There can be no doubt of the sufficiency of the description given in the affidavit of the house and premises of the appellant as the property to be searched. It will be observed that the affidavit does not stop with a mere statement of the affiant's belief and the reasonableness of his grounds for such belief, that intoxicating liquors were being illegally sold, manufactured, disposed of or possessed by the appellant upon the premises described, but it proceeds to state the affiant's reasons for such belief, by reciting the specific fact "that on March 28, 1923, he smelled the odors and fumes of intoxicating liquors coming from and off said premises." This was not the statement by the affiant of a mere conclusion based upon information, belief or conjecture, but of a fact ascertained as a matter of personal knowledge, received and

experienced through one of the five senses, that of smell, which can be as well depended upon for ascertaining a condition or thing that may be discovered by reason of its peculiar odor, as can that of sight to discover a visible object; and for an affiant to say that he saw an object or smelled an odor, is as much a statement of either fact as if it had been accompanied by an explanation setting forth the particular facts or circumstances attending the discovery. Therefore, the statement made by the affiant in his affidavit for a search warrant that he smelled or detected the odor of intoxicating liquor in a given house or locality, is sufficient without a detailed explanation of the means through which he obtained the opportunity for smelling the odor. We think the affidavit was sufficient to authorize the issuance of the search warrant and that the trial court erred in holding otherwise, and in quashing the search warrant; and also erred in excluding the evidence offered by the Commonwealth to prove the discoveries of intoxicating liquors and other facts made by the officers in searching the appellant's house under the warrant.

We have repeatedly held that the provisions of the Constitution relating to searches and seizures, which are found in section 10, of that instrument, require "only a reasonable description (in the affidavit for the warrant) of the property or premises to be searched, and that facts shall be stated sufficient to create in the mind of the officer issuing the warrant, 'probable cause' to believe that the offense was committed, or that the facts sought to be discovered existed." Caudill & McLemore v. Commonwealth, 198 Ky. 695; Mattingly v. Commonwealth, 197 Ky. 583.

The above conclusion is therefore certified to the trial court as the law that should have controlled it in disposing of this case. The whole court sitting.