THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOE LAVENDOWSKI, Plaintiff in Error.

*Opinion filed February 24, 1928.*

1. SEARCH AND SEIZURE—*what is a search warrant.* A search warrant is an order in writing, in the name of the People, signed by a magistrate and directed to a peace officer, commanding him to search for personal property and bring it before the magistrate, and the warrant is not used for the purpose of trying title or the right of possession.

2. CONSTITUTIONAL LAW—*what are essential elements of due process.* The essential elements of due process of law are notice and an opportunity to be heard in the protection and enforcement of one's rights before a court of competent jurisdiction, in an orderly proceeding adapted to the nature of the case.

3. SAME—*statute may take away right of property in pernicious or dangerous article.* Articles customarily regarded as property, when lawfully acquired and used for a lawful purpose, may by statutory enactment cease to be so treated and become liable to seizure, forfeiture or destruction if they or the use to which they are put is deemed pernicious or dangerous to the public welfare, as the owner has no constitutional right to use such property for purposes injurious to the public health or morals.

4. SAME—*sections 29 and 30 of Prohibition act, providing for search and seizure, are valid.* Sections 29 and 30 of the Prohibition act, authorizing the making of a complaint and the issuance of a search warrant upon reasonable cause shown, are valid and do not deprive a defendant of his liberty or property without due process of law.

5. PROHIBITION—*what is probable cause for issuance of search warrant.* If there is reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to justify a cautious man in the belief that the person accused is guilty of the offense charged, there is sufficient basis for the issuance of a search warrant, and information obtained by an affiant by the sense of smell may constitute a sufficient showing of probable cause to authorize the proper officer to issue a warrant to search for intoxicating liquors.

6. SAME—*when warrant sufficiently describes the place to be searched.* A search warrant sufficiently describes the place to be searched if it points out a definitely ascertainable place in terms of reasonable certainty so as to enable the officer, with reason-

able effort, to identify the place, and a technical description of the place is not required.

7. CRIMINAL LAW—*when place of maintaining nuisance is sufficiently designated.* In a prosecution for the maintenance of a nuisance, no attempt being made to enjoin it, the place where the nuisance is maintained need not be specifically designated in the indictment or information, and it is sufficient to allege that it was maintained in the county and State where the prosecution occurs.

8. SAME—*when the word "or" does not render count uncertain.* The word "or," when used not to connect two distinct facts of different natures but to characterize and include two or more phases of the same fact, attended with the same result, states but a single ground and not the alternative, and where a defendant is charged with unlawfully maintaining "a room, building, structure or place," the reference is to but one place and not an uncertain one of four such places.

9. SAME—*when sentence under section 2 of State Farm act is proper without finding of age.* A defendant may be sentenced under section 2 of the State Farm act without a finding that he is above the age of sixteen years, where the record shows that he had three children nearly three years before he was sentenced and where no question concerning his age is raised upon the trial, as under such circumstances it will be presumed that he was more than sixteen years of age when judgment was rendered.

10. SAME—*when defendant is properly sentenced to State farm without requiring fine to be worked out.* A defendant sentenced to a certain period of imprisonment at the State farm and fined in addition thereto, with an order that he remain in commitment until the fine is paid, is properly sentenced without specifying a rate per day at which the fine may be worked out, where all conditions prescribed by section 2 of the State Farm act for sentence to the State farm exist, as payment of the fine at any time after the expiration of the definite period of imprisonment will entitle the defendant to his discharge.

WRIT OF ERROR to the County Court of Rock Island county; the Hon. WILLIAM L. LEECH, Judge, presiding.

BEN A. STEWART, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, BENJAMIN S. BELL, State's Attorney, VIRGIL L. BLANDING, and DAN H. McNEAL, (EDWARD L. EAGLE, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

An information charging Joe Lavendowski with violations of the Illinois Prohibition act was filed in the county court of Rock Island county. The information consisted of four counts, upon the second and fourth of which a *nolle prosequi* was entered. Lavendowski was charged by the first count with maintaining a common nuisance, and by the third count with the unlawful possession of a still designed for the illegal manufacture of liquor without having a permit therefor from the Attorney General. The plea was not guilty. A jury trial resulted in a verdict finding Lavendowski guilty upon the first and third counts. Motions for a new trial and in arrest of judgment were denied. Judgment was rendered upon the verdict, and Lavendowski was sentenced on the first count to imprisonment at the State farm at Vandalia for one year and to pay a fine of $500, and upon the third count to imprisonment at the same farm for six months and to pay a fine of $200. The costs of the prosecution were adjudged against him, and it was ordered that the terms of imprisonment be consecutive. He prosecutes this writ of error for a review of the record.

A complaint for a search warrant, verified by Steve Cutlich, was made before the county judge of Rock Island county. It was charged in the complaint that the affiant had just and reasonable grounds to believe, and did believe, that intoxicating liquor was unlawfully manufactured and possessed at and within a certain two-story frame building, together with outbuildings, barns and sheds belonging thereto, situated on the southeast quarter of section 8, township 20 north, range 2 east of the fourth principal meridian, in the town of Cordova, in Rock Island county; that the reasons for the affiant's belief were, that he was near the premises on June 7, 1926, and smelled the odor of fermenting grain mash used in the manufacture of intoxicating liq-

329—15

uor commonly called hootch, or home-made whiskey; that he was familiar with that odor, knew it when he detected it, and that he was sufficiently near the premises to know that the odor came therefrom; that the liquor was manufactured and possessed with the intent to violate the Prohibition law; that no permit had been obtained from the Attorney General to manufacture and possess the liquor, and that it was neither intended for non-beverage purposes nor was it wine for sacramental purposes. The county judge issued a search warrant upon the complaint. The return of the sheriff endorsed on the search warrant set forth that he had executed the writ by searching the premises; that he had found and seized two large copper stills, ten five-gallon jugs, two three-gallon jugs, six one-gallon jugs and two ten-gallon kegs, all filled with intoxicating liquor, and one ten-gallon keg containing about two gallons of such liquor, and that he had arrested Lavendowski.

Before the trial Lavendowski filed his petition to quash the search warrant and to impound and exclude the evidence obtained thereby, on the ground that the State's attorney purposed, upon the trial, to use such evidence against the petitioner, in violation of his constitutional rights. The prayer of the petition was denied. On the same day a motion to quash the information was made and overruled.

Upon the trial three deputy sheriffs testified in behalf of the prosecution. It appeared from their testimony that they found on the premises a shed or building about ten or twelve feet wide and eighteen or twenty feet long, covered by a strawstack; that in the shed they found the stills and liquors which they seized; that the stills were made of copper and were about two and one-half or three feet in height as well as in diameter, and that each still had ten burners, was heated by kerosene, and was connected at the top with coils, which ran to a tank. A chemist made an analysis of the liquor and found that it contained 45.76 per cent of alcohol by volume. In a conversation with one

of the deputy sheriffs Lavendowski stated that the liquor belonged to him and that he had been in that business a few weeks. Objections to the evidence of the prosecution, and motions to exclude it on the ground that it was obtained by an illegal search and seizure, were made and denied. The plaintiff in error did not testify and no evidence was offered in his behalf.

The first contention made by the plaintiff in error for a reversal of the judgment is, that sections 29 and 30 of the Illinois Prohibition act, (Cahill's Stat. 1925, pp. 1035, 1036; Smith's Stat. 1925, pp. 1101, 1102;) which authorize the making of a complaint, verified by affidavit, for a search warrant and the issuance of such a warrant upon reasonable cause shown, make no provision for an orderly proceeding terminating in a final judgment with reference to the disposition of the property seized or the person in whose custody the property may be found, and hence deprive him of his liberty and property without due process of law, in violation of section 2 of article 2 of the constitution. A search warrant is generally defined to be an order in writing, in the name of the people, signed by a magistrate and directed to a peace officer, commanding him to search for personal property and bring it before the magistrate. (35 Cyc. 1265.) Section 30 of the act commands the peace officer to whom the warrant is directed, forthwith to bring the seized intoxicating liquor, with its containers, and the person or persons in whose possession they are found, before the magistrate who issued the warrant, or before some other judge or justice of the peace having cognizance of the case, "to be dealt with according to law." A search warrant is not an action or proceeding in which the title to or the right to the possession of the property seized or the liberty of its custodian is determined. These are questions which must necessarily be adjudicated in an action or prosecution which follows the issuance and return of the search warrant. Hence the command of the warrant that the prop-

erty seized and the person in possession of it shall be brought before the magistrate, to be dealt with according to law.

Due process of law in the regular course of judicial proceedings requires notice to the defendant, as a matter of right and not of favor, before he or his property can be condemned. The essential elements of due process of law are notice and an opportunity to be heard in the protection and enforcement of his rights before a court of competent jurisdiction, in an orderly proceeding adapted to the nature of the case. (*Simon* v. *Craft,* 182 U. S. 427; *Lent* v. *Tillson,* 140 id. 316; *Turpin* v. *Lemon,* 187 id. 51; *City of Chicago* v. *Cohn,* 326 Ill. 372; *People* v. *Marquis,* 291 id. 121; *People* v. *Cohen,* 219 id. 200.) After the return of the search warrant the information in the case at bar was filed. Plaintiff in error made a motion to quash the information. Upon the denial of that motion he filed a plea of not guilty. A jury trial followed, which resulted in a verdict adverse to him. After the verdict was returned he made motions for a new trial and in arrest of judgment, both of which were denied. Judgment was rendered only after a trial in which he participated from its inception to its conclusion. Plaintiff in error had his day in court. He was afforded the opportunity to be heard in his defense and availed himself of that opportunity. The prosecution was conducted under the general law and was adapted to the nature of the case. The court had jurisdiction to hear and determine the cause. No element of due process of law was wanting.

The contention that the issuance, service and return of the search warrant deprived plaintiff in error of the property seized is likewise untenable. At common law the search warrant was not used to try the title to or the right to the possession of goods. (*People* v. *Kempner,* 208 N. Y. 16; Ann. Cas. 1914D, p. 169; 46 L. R. A. (n. s.) 970.)

Neither section 29 nor section 30 of the Prohibition act makes provision for the forfeiture or destruction of the property taken upon a search warrant. The record in the case at bar fails to show any action, proceeding or order concerning the title to or the ownership or possession of the seized property, nor does it appear that any disposition of the property was made. Hence plaintiff in error was not deprived of the property taken by authority of the search warrant. Moreover, even if, after his conviction, the property had been forfeited and destroyed he would have no ground for complaint. An owner of property has no vested or constitutional right to use or allow the use of it for purposes injurious to the public health or morals, and the State has the right, in the exercise of its police power, to provide for the seizure and destruction of property so used. Gambling instruments, in their nature incapable of use for any other purpose, and intoxicating liquors held contrary to law, are within this rule. Under the Prohibition act, intoxicating liquors, when illegally possessed, are no longer recognized as property. Section 28 of the act (Cahill's Stat. 1925, p. 1035,) expressly provides that it shall be unlawful to have or possess any liquor intended for use in violating the act or any property designed for the illegal manufacture of liquor, and that no property right shall exist in any such liquor or property. Articles customarily regarded as property when lawfully acquired and used for a lawful purpose, may by statutory enactment cease to be so treated and become liable to seizure, forfeiture or destruction if they, or the uses to which they are put, are deemed pernicious or dangerous to the public welfare. (*Glennon* v. *Britton,* 155 Ill. 232.) Sections 29 and 30 of the Illinois Prohibition act are not unconstitutional and do not deprive plaintiff in error of his liberty or property without due process of law. *People* v. *Zalapi,* 321 Ill. 484; *People* v. *Cioppi,* 322 id. 353; *People* v. *Billerbeck,* 323 id. 48; *Samuels* v. *Mc-Curdy,* 267 U. S. 188; *Lawton* v. *Steele,* 152 id. 133.

Plaintiff in error further contends that the search warrant was issued without probable cause and was therefore void. Section 6 of article 2 of the constitution provides: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the persons or things to be seized." The complaint upon which the search warrant was issued set forth that the affiant was familiar with the odor of fermenting grain mash used in the manufacture of intoxicating liquor commonly called hootch, or home-made whiskey; that he smelled that odor and knew that it emanated from the premises occupied by the plaintiff in error. If there is reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged, it is a sufficient basis for the issuance of a search warrant. (*People v. Daugherty*, 324 Ill. 160.) Information obtained by an affiant by the sense of smell may constitute a sufficient showing of probable cause to authorize the proper officer to issue a warrant to search for intoxicating liquors. (*Commonwealth v. Diebold*, 202 Ky. 315; *Dolan v. Commonwealth*, 203 id. 400; *McBride v. United States*, 284 Fed. 416; *People v. Flaczinski*, 223 Mich. 650; Blakemore on Prohibition,—2d ed.—p. 419.) The complaint was supported by affidavit and upon its face disclosed probable cause for the issuance of the search warrant.

It is also contended by the plaintiff in error that the place to be searched was not particularly described. The buildings which were searched constituted a single, compact group and were the only buildings on the land specifically described in the complaint for the search warrant. Such a warrant sufficiently describes the place to be searched if it enables the officer, with reasonable effort, to

identify it.  Pointing out a definitely ascertainable place in terms of reasonable certainty is sufficient and a technical description of the place to be searched is not required.  *People* v. *Holton,* 326 Ill. 481; *People* v. *Provenzano,* 324 id. 26; *Steele* v. *United States,* 267 U. S. 498; Blakemore on Prohibition, (2d ed.) pp. 446, 447.

Plaintiff in error insists that the first count of the information is defective because it does not specifically describe the location of the nuisance which it is alleged he maintained.  The count charges the maintenance of the nuisance on a certain day "at and within the county of Rock Island," in this State.  The place where a nuisance was maintained need not be specifically designated in the indictment or information since it is sufficient to allege that it was maintained within the county and State where the prosecution occurs.  (2 Wharton on Crim. Proc.—10th ed.—p. 1395.)  No attempt was here made to enjoin the nuisance, and a particular description of the place was unnecessary.  *Seacord* v. *People,* 121 Ill. 623.

It is also contended that the averment of the first count that the plaintiff in error "did then and there unlawfully maintain a room, building, structure or place," left it uncertain which of the four places mentioned was maintained by him; that the averment should have been in the conjunctive instead of the disjunctive, and that the motion to quash the first count should therefore have been granted. The word "or," when used not to connect two distinct facts of different natures but to characterize and include two or more phases of the same fact, attended with the same result, states but a single ground and not the alternative. (6 Words and Phrases, p. 5007; Joyce on Indictments,— 2d ed.—sec. 305.)  The shed in which the stills and liquors were found answers the description of "room," "building," "structure" or "place."  No person could be misled or misinformed with reference to the offense which it was intended to charge in the first count.

It is asserted that the trial court erred in sentencing plaintiff in error to imprisonment at the Illinois State farm at Vandalia because there was neither evidence nor a finding that he was above sixteen years of age. Section 2 of the act entitled "An act in relation to the Illinois State farm," (Cahill's Stat. 1925, p. 256; Smith's Stat. 1925, p. 2095,) provides that in all cases in which a court is authorized by law to sentence male offenders above the age of sixteen years to jail, or to commit them to work out their fines and costs, the court may, in its discretion, if the sentence is for sixty days or more, commit or sentence them to the Illinois State farm. In his petition to quash the search warrant and to impound and exclude certain evidence, plaintiff in error set forth that he, with his wife and three children, had occupied a certain farm since March 1, 1924. He was sentenced on December 1, 1926, two years and nine months later. It is obvious that he was at least fourteen years of age on March 1, 1924, when, as the father of three children, he moved upon the farm, and if so, he was above sixteen years when he was sentenced. No question concerning his age was raised upon the trial. Under these circumstances it will be presumed that plaintiff in error was more than sixteen years of age when judgment was rendered upon the verdict and that the court properly exercised its discretion in sentencing him to the State farm at Vandalia. *People* v. *Simmons*, 299 Ill. 201.

The contention is made that the plaintiff in error was sentenced on the third count of the information by authority of section 27, instead of section 28, of the Prohibition act, and that the judgment is therefore erroneous. Section 27 makes it unlawful for any person to have in his possession or to own, operate or maintain a still without a permit from the Attorney General, and prescribes punishments for violations of the section. (Cahill's Stat. 1925, p. 1035; Smith's Stat. 1925, p. 1101.) Section 28 provides, among other things, that it shall be unlawful to have or possess

any property designed for the illegal manufacture of liquor. This section fails to prescribe any punishment for its violation, and hence it is governed in that respect by section 33*b* of the act. The third count charged plaintiff in error with the unlawful possession of a still designed for the illegal manufacture of liquor, without the requisite permit. Whether that count charged an offense under section 28 need not be determined, for it sufficiently charged an offense created by section 27 of the act. The contention that sentence should have been pronounced under section 28 instead of section 27 is untenable.

By the trial court's judgment plaintiff in error was sentenced to imprisonment at the State farm at Vandalia, and he was ordered committed to that institution until the respective fines and costs should be paid. It is argued that the court erred in ordering the commitment of plaintiff in error to the State farm until payment of the fines and costs should be made, without providing in the order that in the event of default in such payment he should work out the fines and costs at a specified rate per day. In order to commit or sentence to the State farm, section 2 of the act (Cahill's Stat. 1925, p. 256; Smith's Stat. 1925, p. 2095;) prescribes the following conditions: (1) That the court possess authority to sentence the offender to jail or to commit him to work out his fine and costs; (2) that the offender be a male person above the age of sixteen years; and (3) that the sentence be for sixty days or more. Section 14 of division 14 of the Criminal Code (Cahill's Stat. 1925, p. 919; Smith's Stat. 1925, p. 965;) provides: "When a fine is inflicted, the court may order, as a part of the judgment, that the offender be committed to jail, there to remain until the fine and costs are fully paid or he is discharged according to law." Plaintiff in error was convicted of misdemeanors. (Prohibition act, secs. 27, 33; Smith's Stat. 1925, pp. 1101, 1103.) By section 3 of the act of

May 28, 1879, (Laws of 1879, p. 117; Smith's Stat. 1925, p. 922;) it is provided: "That any person convicted of petit larceny, or any misdemeanor punishable under the laws of this State, in whole, or in part, by fine may be required by the order of the courts of record in which the conviction is had, to work out such fine and all costs, in the workhouse of the city, town or county, * * * under the proper person in charge of such workhouse, * * * at the rate of one dollar and fifty one-hundredth dollars ($1.50) per day for each day's work." It appears, therefore, that the county court was authorized to sentence plaintiff in error to jail for failure to pay the fines and costs or to commit him to work them out. Plaintiff in error is a male person above the age of sixteen years, and he was sentenced for a term exceeding sixty days. Hence all the conditions prescribed by section 2 of the State Farm act for a commitment or sentence to the State farm exist in the instant case. The power so to commit or sentence is not qualified, and the court was authorized to commit plaintiff in error to the State farm until he paid the fines and costs imposed upon him. Section 4 of the State Farm act (Cahill's Stat. 1925, p. 256; Smith's Stat. 1925, p. 2096;) assumes the existence of this power, for it provides: "Every person sentenced or committed to the Illinois State farm for a definite period, or for failure to pay a fine and costs, shall be entitled to a diminution of his sentence or confinement, in accordance with the general law relating to diminution of sentences in jails for good behavior." Plaintiff in error was definitely sentenced to imprisonment for eighteen months. His commitment, in addition, was ordered merely to enforce the payment of the fines and costs. By their payment he may at any time after the expiration of the definite period of imprisonment regain his liberty.

The judgment of the county court is affirmed.

*Judgment affirmed.*