**The People of the State of Illinois, Defendant in Error,
v. Merle Stump, Plaintiff in Error.**

**Gen. No. 8,720.**

Opinion filed January 16, 1933.

J. D. TEMPLEMAN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, J. J. NEIGER, Assistant Attorney General, and WALLACE A. WALKER, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

The case has been transferred to this court by the Supreme Court.

Plaintiff in error pleaded guilty to an information charging him with selling liquor contrary to the laws of this State, whereupon he was sentenced to confinement in the Illinois State Farm for a period of six months and to also pay a fine of $300 and costs and after the expiration of said term of imprisonment to stand committed to said farm until the whole of said fine and costs shall have been worked out by him at the rate of $1.50 per day. While plaintiff in error has assigned 14 errors on the record he states in his brief and argument that he relies upon only four of them to reverse the judgment.

The first error presented is that the statute relating to the Illinois State Farm is unconstitutional. Cahill's St. ch. 23, ¶¶ 248–254. This statute has been frequently held to be a valid enactment (*People v. Welch,* 331 Ill. 20; *People v. Landers,* 329 Ill. 453; *People v. Callicott,* 322 Ill. 390); however, this court has no jurisdiction to pass upon the constitutionality of a legislative enactment.

The second error is that the county court had no jurisdiction to sentence plaintiff in error to the State Farm for the reason that said institution is not a penitentiary. This proposition has been decided adversely to such contention. *People v. Callicott, supra.*

The third error assigned is to the effect that the court erred in sentencing the defendant to work out a fine and costs. This proposition has also been decided in the negative. *People v. Lavendowski,* 329 Ill. 223; *People v. Welch, supra.*

The fourth error on which plaintiff in error relies is that the county court was without jurisdiction to sentence defendant to the State Farm as the judgment failed to find or state the age of the defendant. There is no such error of fact assigned on the record and the question is not properly before us for review; however, the record contains no bill of exceptions and it

will be presumed the court found the age of the defendant and properly sentenced him. *People v. Simmons,* 299 Ill. 201; *People v. Liedecker,* 258 Ill. 395; *People v. Lavendowski, supra.* The failure to prove defendant's age will not work a reversal unless it appears from the record he was prejudiced thereby. *People v. Rogers,* 303 Ill. 578.

The judgment of the county court is affirmed.

*Affirmed.*