Kraus, Plaintiff in error, vs. The State, Defendant in error.

*November 12—December 7, 1937.*

For the plaintiff in error there was a brief by *Louis Podell* and *Ralph J. Podell,* both of Milwaukee, and oral argument by *Ralph J. Podell.*

For the defendant in error there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee county, and *Andrew W. Brunhart,* assistant district attorney, and oral argument by *Mr. Brunhart.*

WICKHEM, J.  Plaintiff in error contends that the trial court erroneously denied his motion to quash the information and to suppress evidence obtained as the result of an alleged illegal search.  It is asserted that the search warrant was illegally issued, (1) because there existed no probable cause to justify its issuance; and (2) because the Hon. GEORGE E. PAGE, judge of the district court, heard the evidence upon which a search warrant was requested, had the same reduced to writing, and sworn to before him, and thereafter a complaint was reduced to writing and sworn to before Hon. HOWARD E. HABERLA, acting as judge of the district court, who issued the search warrant.  With respect to the first point, the evidence submitted in the application for the search warrant is brief and may well be set out literally.

"*Q.* Upon what do you base your request for a search warrant under this application?  *A.* On October 9th, at 9:30 A. M. 1935, I went in there and I saw alcohol cans on the sink, and I asked for a pint and the young man said, 'I don't know you Mr., and furthermore I won't take a chance.'

"*Q.* Have you any actual knowledge that the law has been violated in this particular place in respect to the sale or manu-

facture of intoxicating liquor? *A.* None other than I have stated.

"*Q.* What is ·the description of the premises? *A.* 608 S. 3rd Street, two story brick house, basement flat, occupied by persons unknown, described as young man about 26, weighing 140 pounds, dark hair, and woman, tall, heavy set about 55 years of age, weight about 180 pounds, in the county of Milwaukee, Wisconsin."

Upon this information the search warrant was issued, and the question is whether it was sufficient to constitute probable cause. Sec. 11, art. I, Wisconsin constitution, provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

In conformity with this provision, secs. 363.01 and 363.02 (9), Stats., provide, respectively:

"When complaint shall be made on oath to any magistrate authorized to issue warrants in criminal cases that personal property has been stolen or embezzled or obtained by false tokens or pretenses and that the complainant believes that it is concealed in any particular house or place, the magistrate, if he be satisfied that there is cause for such belief, shall issue his warrant to search for such property."

"To search for and seize any intoxicating liquor, fermented malt beverages, or alcohol, possessed. for the purpose of evading any law of this state, or property designed for the unlawful manufacture of intoxicating liquor, fermented malt beverages or alcohol. Any property seized on any such warrant shall not be taken from the officer seizing the same on any writ of replevin or other like process."

It was held in *State v. Baltes,* 183 Wis. 545, 549, 198 N. W. 282, that *cause* for such belief or *reasonable cause* where they occur in statutes regulating the issuance of war-

rants are to be taken in the same sense as the constitutional requirement of *probable cause,* because it is not to be supposed that the statute meant to require less than the constitution requires. In this case the following definition by Mr. Chief Justice SHAW from the case of *Bacon v. Towne,* 4 Cush. (Mass.) 217, was approved:

"Probable cause is such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty."

It was held in the *Baltes Case, supra,* not to be necessary that there should be positive proof of the existence of the facts upon which the issuance of a search warrant is based, but to be sufficient that the sworn proof is of such a character as to induce an honest belief in the mind of the magistrate that they exist. The evidence upon which the magistrate may act may be circumstantial and be based upon information and belief. In *Glodowski v. State,* 196 Wis. 265, 220 N. W. 227, the doctrine of *State v. Baltes, supra,* was followed, and a more extensive examination into details of the doctrine was made. It was strongly pointed out in accordance with the *Baltes Case* that the magistrate performs a judicial and not a mere ministerial or administrative act in issuing the warrant, and that the applicant for the search warrant cannot, by merely filling in a blank and swearing to it, secure a valid search warrant. Particularly, it is held in the *Glodowski Case* that the prosecutor or applicant for the search warrant may not substitute himself for the magistrate, nor may the magistrate abdicate his judicial duty of determining whether or not probable cause exists. While the holding in the *Baltes Case* that the evidence may in part be based upon information and belief was followed, it was held that it must not solely be so based for the reason that, unless the foundation for information and belief is disclosed, it is the complainant who determines probable cause

rather than the magistrate, and that the issuance of a warrant upon such a showing constitutes an abdication by the magistrate of his judicial function. *Wagner v. United States* (C. C. A.), 8 Fed. (2d) 581, 584, is quoted from with approval to the effect that:

"The immunity guaranteed by the constitution should not be lightly set aside by a mere general declaration of a nonjudicial officer that he has reason to believe and does believe, etc. The undisclosed reason may fall far short of probable cause."

See also *Byars v. United States,* 273 U. S. 28, 47 Sup. Ct. 248.

What has been said here concerning evidence based on information and belief is not independently material here, but does point to the principle which must govern in determining this appeal. The evidence must be sufficiently detailed and of such a character as to permit the magistrate to come to his own conclusion whether probable cause exists. It must not be so meager as to constitute merely the conclusions of the applicant and an invasion of the judicial function of the magistrate.

The evidence offered as a basis for this search warrant was extremely meager. There is no evidence of any manufacturing equipment or of any facilities for the sale of liquor. There is a statement that the applicant saw alcohol cans, but no evidence that these cans contained alcohol. Assuming that there was alcohol in the cans, the only evidence of unlawful manufacture, sale, concealment, or possession must be derived from the statement that the applicant asked for "a pint," and the reply, "I don't know you, Mr., and furthermore I won't take a chance." This falls far short of evidence constituting probable cause to believe or suspect, (1) that the cans contained alcohol; (2) that alcoholic beverages were being manufactured or sold on the place or illegally possessed or concealed there; or (3) that

there had not been satisfaction of legal requirements with respect to manufacture, sale, or possession. Under sec. 176.401, Stats., this alcohol, if it was alcohol, might have been denatured and rendered unfit for beverage purposes, in which case it was not taxable. It might have been patent, proprietary, medicinal, etc., or that used for flavoring extracts or for scientific purposes. The alcohol might have been possessed lawfully, but the party possessing it might have had no license to sell it. There are licenses to sell liquors in bulk for consumption off the premises and licenses to sell by the drink for consumption on the premises. Complainant's testimony that he asked for "a pint," and the attendant refused to take a chance because he did not know him, does not of itself constitute probable cause for suspecting that liquor was being unlawfully made, sold, possessed, or concealed on the premises. It throws no light whatever on the manufacture and furnishes no evidence of concealment. In this connection it may also be pointed out that the complaint was that liquors were being concealed for the purpose of evading the law. Nor would the evidence constitute probable cause for believing that sales in violation of law had been or were being made. In order to have this effect, the reply must be considered as a statement that the attendant had sold, or that he made a practice of selling, liquor in bulk for consumption off the premises without a license so to do, or without any license at all when these sales were made to persons whom he knew. This inference from a refusal to sell is much too remote and conjectural to form the basis of a "strong suspicion" of illegal sale.

We conclude that the evidence before the magistrate did not constitute probable cause, and that the trial court was in error in denying plaintiff in error's motion to suppress.

The second point made by plaintiff in error is that the warrant was illegally issued because one judge took the testi-

mony and another judge issued the warrant. While it is unnecessary to determine whether this alleged irregularity was effective to avoid the warrant, we deem the matter of sufficient importance to warrant at least a brief discussion. Sec. 363.02, Stats., provides:

"Any such magistrate, when satisfied that there is reasonable cause, may also, upon like complaint made on oath, issue such warrants in the following cases, to wit: . . . (9) To search for and seize any intoxicating liquor, fermented malt beverages or alcohol, possessed for the purpose of evading any law of this state, or property designated for the unlawful manufacture of intoxicating liquor, fermented malt beverages or alcohol."

In *State v. Baltes, supra,* it was said (p. 551):

"The magistrate should examine under oath the applicant for the search warrant and his witnesses and should reduce their sworn testimony to writing, or at least so much thereof as he relied upon in issuing the warrant, and then if he finds from all the sworn testimony in the case that there is probable cause for the issuance of the warrant he will reduce the complaint to writing, have it sworn to, and issue the warrant."

It is our conclusion that the proceeding here was substantially irregular. The judge who heard the evidence did not issue a warrant. The one who issued the warrant had not heard the evidence or been put in a position properly to discharge his judicial function. While we do not find it necessary to determine the effect of this erroneous procedure, we deem it important that attention be called to the error.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.