MANNERY, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 6, 1940—January 7, 1941.*

*James W. Dorsey* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee county, and *Gene L. Green,* assistant district attorney, and oral argument by *Mr. Green.*

ROSENBERRY, C. J. Upon this review the defendant assigns three errors: (1) The court erred in denying the motion of the defendant to suppress the evidence procured pursuant to the search on the ground that the search warrant was unlawfully issued. (2) The court erred in overruling defendant's objections to the introduction into evidence of the so-called "policy" paraphernalia for the same reason. (3) The court erred in denying defendant's motion to dismiss, made after trial, for the reason that there was no competent admissible evidence introduced, the evidence having been wrongfully obtained by reason of the unlawful search made pursuant to an invalid warrant.

These assignments of error raise a single question,—Was there a sufficient showing of probable cause for the issuance of the search warrant? There was no renewal of the defendant's claim with respect to the unlawful search upon the trial. The evidence referred to in the second assignment of error was with respect to the nature of the "policy" paraphernalia and not upon the ground that it had been obtained by an unlawful search. The evidence has already been set out in the statement of facts.

"Probable cause" is defined as such an apparent state of facts that a discreet and prudent man would be led to believe that the premises or place, sought to be searched, contained property of the character for which a search under a warrant could be lawfully made. That known "policy" players were known to be resorting to these premises and that as they entered they dropped slips bearing "policy" numbers would seem to be a state of facts sufficient to arouse in the mind of any prudent man a strong belief that the premises were resorted to for the purpose of playing the game known as "policy." It is considered that this evidence was sufficient within the rule stated in *State v. Baltes* (1924), 183 Wis. 545, 198 N. W. 282, and *State v. Brockman* (1939), 231 Wis. 634, 283 N. W. 338. We need not repeat what was stated in those cases. No other question is presented by the record upon this review.

*By the Court.*—Judgment affirmed.