CHICAGO—FIRST DISTRICT—NOVEMBER, 1913.    181

City of Chicago v. S. S. Elevated R. Co., 183 Ill. App. 181.

## City of Chicago, Plaintiff in Error, v. South Side Elevated Railroad Company, Defendant in Error.

## Gen. No. 18,679.

1. MUNICIPAL CORPORATIONS, § 83*—*penal ordinances are strictly construed*. Penal ordinances must be strictly construed and a penalty will not be imposed unless a defendant is clearly within the terms of the ordinance.

2. STATUTES, § 198*—*how construed*. In ascertaining the legislative intent in statutes or ordinances they will receive that meaning which the ordinary reading of the language warrants, words not technical being taken in their ordinary, familiar acceptation with regard to their general and popular use.

3. ELEVATED RAILROADS, § 5*—*how ordinance requiring heated cars is construed*. Since the specific language of the Municipal Code of Chicago of 1911, § 2210, requiring a certain average temperature to be maintained in street railway cars, does not indicate its application to elevated railroads, resort must be had to a construction of the section.

4. ELEVATED RAILROADS, § 5*—*when not required to heat car*. The Municipal Code of Chicago of 1911, § 2210, requiring street railway cars to be maintained at a certain temperature, does not apply to cars of elevated railroads.

5. ELEVATED RAILROADS, § 1*—*distinction from street railway*. One of the principal distinctions between elevated street railroads in cities and street railways is in their power to condemn property.

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 4, 1913. Rehearing denied November 18, 1913.

WILLIAM H. SEXTON and JAMES S. MCINERNEY, for plaintiff in error; JOHN W. BECKWITH and ULYSSES S. SCHWARTZ, of counsel.

ADDISON L. GARDNER and WILLIAM H. HAIGHT, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

182 . APPELLATE COURTS OF ILLINOIS.

City of Chicago v. S. S. Elevated R. Co., 183 Ill. App. 181.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

By this writ of error the city of Chicago, plaintiff in error, seeks to review a judgment in an action brought by it in the Municipal Court of Chicago against the South Side Elevated Railroad Company to recover a penalty for an alleged violation of sec. 2210 of the Municipal Code of Chicago of 1911.

It is contended that on March 6, 1912, the defendant, defendant in error here, operated a certain car within the city of Chicago, the temperature of which car, as indicated by a standard Fahrenheit thermometer located about the center or midway between the top and bottom of the car and affixed to the side of the car, was thirty-eight degrees above zero, or twelve degrees below the minimum required by the ordinance. It is further a conceded fact that the defendant in error is incorporated under the general railway act, for the purpose of constructing, owning and operating a railway between certain points in the city of Chicago. It owns and operates cars upon an elevated structure, which, in the downtown district known as the "loop," is located upon the public streets, but about seventy-five per cent. of the structure is located upon private right of way, except, of course, where the structure crosses the streets. Stations for the passengers are located at intervals of three or four blocks within the city, and the travel thereon is from point to point within the city. The defendant in error operates its cars by electricity and does an exclusively passenger business. These are the facts shown by the record, and the question presented is whether they constituted a violation of the ordinance in question.

Section 2210 is a part of article V of chapter LIX, entitled "Railways." That section is as follows:

"2210. (Comfort and Safety of Passengers). It shall not be lawful for any person or corporation owning, leasing or operating any street railway cars or steam railroad cars, which run from point to point

within the City of Chicago, either on elevated, surface or subway lines, to permit any car to be used or operated on any of the public streets or ways of said city unless the following conditions are complied with:

"(a)    There shall be maintained within such car an average temperature not lower than fifty degrees Fahrenheit, nor (when such car is heated by artificial heat) higher than seventy-five degrees Fahrenheit."

The articles under chapter LIX are as follows:

"Article I.    Department of Local Transportation; Article II. Street Railways;    Article III. Elevated Railroads;    Article IV. Steam Railways;    Article V. Miscellaneous Provisions; and Article VI. Viaducts."

Under article II, Street Railways, section 2149, provides that "all street railway rails which shall hereafter be laid shall be grooved rails," etc.

Section 2150 provides that every person or corporation operating a street railroad in the city shall keep the tracks of his or its road in such condition that such tracks shall not at any time be elevated above the surface of the streets on which they are laid, and so that vehicles can easily and freely at all times cross such tracks at all points in any direction without obstruction; they shall also keep in good repair such portions of the streets as they severally have agreed or may agree with said city to keep in repair.

Sections 2151, 2152 and 2153 relate to the enforcement of the above provision and the notice and penalty to be given and enforced on a failure to comply.

Section 2154 provides, among other things, as follows:

"No person or corporation operating any street railway in the city shall operate any trailer, but cars shall be operated singly."

Section 2155 prohibits stopping in front of fire engine houses.    Section 2156 requires a watchman at steam railway crossings.    Section 2157 provides a penalty for obstructing the right of way.    Section 2158 prohibits the use of damaged cars.    Section 2159 provides that every person or corporation operating or

184    APPELLATE COURTS OF ILLINOIS.

City of Chicago v. S. S. Elevated .R. Co., 183 Ill. App. 181.

maintaining "street railway tracks" shall, with certain exceptions, keep moistened the streets upon and along which they operate or maintain their tracks. Section 2160 relates to the removal of street accumulations, such as snow, dirt, etc., from the surface of the street between the two outermost rails of the tracks, and section 2161 provides a penalty for failure to observe the provisions of the preceding sections. Section 2164 provides, among other things, that where the block is more than five hundred feet in length, street cars shall stop when so desired to receive or let off passengers at the middle of such block. Sections 2165 and 2166 provide for fenders and a penalty for operating without fenders.

An examination of the code of the city referred to or article alone which includes the ordinance in question shows that the city council, with certainty and conclusiveness, placed street railways in the class of railroads operating upon the surface of the street, and contains provisions which clearly indicate that they do not apply to elevated railroads, for they have no application to elevated railway tracks. It needs no argument to show that by the use of the words "elevated railroads" in article III so frequently, and the use of the words "street railways" so many times in article II, the city council recognized the difference between the two kinds of railroads, and that when they used the words "street railways," they meant one kind of railroad, and when they used the words "elevated railroads," they meant another kind of railroad.

Penal ordinances must be strictly construed and a penalty will not be imposed unless defendant is clearly within the terms of the ordinance. The doctrine is well stated in *Chicago, R. I. & P. Ry. Co. v. People*, 217 Ill. 164, which involved a prosecution for failure to file an annual statement of railroad track, etc., and it was held that the law provided a penalty only for failure to file a schedule or list, and that strictly a schedule or list is not the same as a statement, and there-

fore there was no violation of the statute.  In deciding the case, the Court said:

"Penal statutes are, by well settled principles of law, to be strictly construed, and matters and things which are not clearly included cannot be brought within the operation of such statutes by mere construction. This rule of construction is stated in the Illinois Cyc. Digest (vol. 8, pages 980, 981), and in the foot-notes are there collected the many decisions rendered by this court in which this doctrine of construction has been declared and applied."

In order to make section 2210, which is part of article V, apply to defendant in error, the court must resort to a construction of the section for the specific language of the section does not indicate its application to elevated railroads.

In order to ascertain the legislative intention, the primary rule is that the statute or ordinance is to receive that meaning which the ordinary reading of its language warrants, words not technical being taken in their ordinary familiar acceptation with regard to their general and popular use.  The term "street railways," in general and in the general and popular use does not include elevated railroads.  In *St. Louis & C. R. Co. v. Postal Tel. Co.*, 173 Ill. 508, the Court said:

"Where the language of the statute is plain and free from ambiguity and expresses a single, definite and sensible meaning, that meaning is conclusively presumed to be the one meaning which the legislature intended to convey."

In the provisions of the code in question, the words "street railway cars" are words free from ambiguity and express a single, definite and sensible meaning. If a street railway car or street car is mentioned to any person in Chicago, it would convey the idea of one kind of car only, namely, the kind that the inhabitants of the city are accustomed to see on the surface of the streets of the city.  We think it will be conclusively presumed that the city council meant the same things that the inhabitants of the city would mean in using

the words "street railway cars." *Frye v. Chicago, B. & Q. R. Co.,* 73 Ill. 399, 402; *Steere v. Brownell,* 124 Ill. 27; *Stewart v. Hamilton,* 66 Ill. 233; *Chudnovski v. Eckels,* 232 Ill. 312; *Culver v. Waters,* 248 Ill. 163.

By the decisions of this State, elevated railroads, such as the defendant in error, are not street railways. Elevated railroads are organized under the general railroad act, and have power to condemn property. A street railway cannot condemn land unless it alleges and proves that it is necessary to depart from the highway. *Harvey v. Aurora & G. Ry. Co.,* 186 Ill. 283. The distinction is pointed out in *Gillette v. Aurora Rys. Co.,* 228 Ill. 261, p. 273.

For the reasons indicated, we are of the opinion that the judgment of the Municipal Court of Chicago must be affirmed.

*Affirmed.*

MR. JUSTICE CLARK took no part in the decision of this case.