Board of Education, Northfield Township High School, District No. 225, Cook County, Illinois, for Use of Samuel S. Palumbo, d/b/a Palumbo Excavating Co., and Samuel S. Palumbo, d/b/a Palumbo Excavating Co., Appellants, v. Pacific National Fire Insurance Company, a California Corporation, and United Pacific Insurance Company, a Washington Corporation, and Jacobson Bros. Co., an Illinois Corporation, Appellees.

Gen. No. 47,384.

First District, Second Division.
October 21, 1958.
Rehearing denied November 13, 1958.
Released for publication November 13, 1958.

Eckhart, Klein, McSwain & Campbell, of Chicago (John Neal Campbell, M. A. Palumbo, of counsel) for plaintiffs-appellants.

Sonnenschein, Lautmann, Levinson, Rieser, Carlin & Nath, of Chicago (Jack I. Levy, James M. Goff, Julius Lewis, of counsel) for defendants-appellees.

JUSTICE MURPHY delivered the opinion of the court.

This is an action at law by a subcontractor seeking payment of a balance due him for excavating services in the construction of a public high school. Plaintiff appealed from an adverse summary judgment direct to the Illinois Supreme Court, contending that the validity of a statute was involved, but the Supreme Court transferred the case to this court on defendants' motion. Therefore, the constitutionality of the statute involved is not before this court and will not be discussed. Kowalczyk v. Swift & Co., 317 Ill. 312 (1925); People v. Stump, 269 Ill. App. 182, 184 (1933).

Defendant Jacobson Bros. Co., a corporation, contracted with the Board of Education, Northfield Township High School District #225, Cook County, Illinois, as general contractors, to build a public high school. They engaged plaintiff, Samuel S. Palumbo, to do the excavating work and, going bankrupt, failed to pay him a balance of $5,332. Pursuant to statute (Ill. Rev. Stat. 1951, ch. 29, pars. 15 and 16) the general contractor delivered to the Board of Education a payment bond, with sureties thereon, dated May 27, 1952, conditioned upon the prompt payment by the general contractor to all persons supplying labor and material for use in the prosecution of the work provided for in its contract with the Board of Education. The sureties are the defendant insurance companies.

Palumbo served a verified notice of his claim upon the Board of Education and contends that the instant action and notice are in compliance with chapter 29, and that in the alternate, the bond is a common law obligation and the statutory requirements do not apply.

Defendant surety companies deny liability and claim that the surety bond, on which suit is brought, is governed by the provisions of paragraphs 15 and 16 of chapter 29, and that the action is barred by the provisions of section 16, because Palumbo failed to serve any verified notice of his claim upon the Board of

Education *within 180 days after he* last furnished labor or materials to the job. Written interrogatories established that Palumbo did not perform any labor or furnish materials to the job after January 15, 1954, and filed a verified notice of claim with the Board of Education more than 180 days thereafter. The trial court entered a summary judgment for the defendant surety companies, after considering the pleadings and the interrogatory answers.

Paragraphs 15 and 16 of chapter 29 were enacted in 1931. Paragraph 15, as originally enacted, set forth the provisions of a bond required by a public body of a general contractor in making contracts for public work of any kind, and said:

The bond "shall be conditioned for the payment of material used in such work and for all labor performed in such work, whether by subcontractor or otherwise."

By amendment in 1941, the following was added to paragraph 15:

"Each such bond shall be deemed to contain the following provisions whether such provisions be inserted in such bond or not:

" 'The principal and sureties on this bond agree to pay all persons, firms and corporations having contracts with the principal or with subcontractors, all just claims due them under the provisions of such contracts for labor performed or materials furnished, in the performance of the contract on account of which this bond is given, when such claims are not satisfied out of the contract price of the contract on account of which this bond is given, after final settlement between the officer, board, commission or agent of the State or of any political subdivision thereof and the principal has been made.' "

Paragraph 16 provides that every person furnishing material or performing labor as a subcontractor, with any political subdivision of the State, where a bond

294

has been executed as provided in the Act, shall have a right to sue thereon in the name of the political subdivision entering into the public work contract, for his own use and benefit, "Provided, however, that any person having a claim for labor, and material as aforesaid *shall have no such right of action unless* he shall have filed a verified notice of said claim with the officer, board, bureau or department awarding the contract, within *180* days after the date of the last item of work or the furnishing of the last item of materials." (Italics ours.)

Paragraph 16 also provides that the claim shall be verified, shall contain the name and address of the claimant, his or its business address, the name of the contractor, the amount of the claim, and a description of the public improvement sufficient for identification. Another procedural requirement is that "no action shall be brought until the expiration of one hundred and twenty (120) days after the date of the last item of work or the furnishing of the last item of materials, except in cases where the final settlement between the officer, board, bureau or department of municipal corporation and the contractor shall have been made prior to the expiration of the one hundred and twenty (120) day period, in which case action may be taken immediately following such final settlement."

█ The bond on which plaintiff brought his suit is a statutory bond, and his suit is governed by the statute (Board of Education Decatur School Dist. No. 61, Macon County, Ill. v. Swam, 5 Ill.App.2d 124, 128 (1955)), and he has no common law right as a third party beneficiary to recover on the principal contractor's bond executed by the sureties in this case. Fodge v. Board of Education, Village of Oak Park, 309 Ill. App. 109, 122 (1941).

There is no dispute but that subcontractor Palumbo's notice of claim was filed with the Board of Education

*more than 180 days after he* last furnished labor or material to the job. Both sides agree that the 120 day and 180 day periods mentioned in paragraph 16 run from the same date, whether the basic date is the date of last labor or material furnished by claimant or date of final completion of the job as the statutory language in both instances is identical—"after the date of the last item of work or the furnishing of the last item of materials."

Plaintiff contends that both periods start from the last work on the *entire construction* and not from *each claimant's* last work, and argues that under the language of paragraph 15, the surety does not become liable to pay unpaid claims until after *final settlement*, and that the 120 day period can only refer to the last item on the entire job. We do not agree with this contention.

The language of the bond in the instant case is substantially identical with that of bonds which were the basis for two Third District Appellate Court opinions, McWane Cast Iron Pipe Co. v. Aetna Casualty & Surety Co., 3 Ill.App.2d 399 (1954), and Board of Education Decatur School Dist. No. 61, Macon County, Ill. v. Swam, 5 Ill.App.2d 124 (1955). In the McWane case, the plaintiff, a materialman on a public job, brought an action against the surety on a statutory bond, but failed to allege that notice of claim had been filed in conformity with the terms of the statute. The surety successfully moved to strike the complaint, and in referring to paragraph 16, the court said (p. 403):

"Under such statute the filing of the notice containing the information required by such section is a condition precedent to the maintenance of the cause of action and a complaint which fails to allege the giving of such notice in conformity with the terms of the statute is fatally defective. . . . The amended complaint in the case at bar failed to allege a compliance with

296

the provisions of said paragraph 16 of chapter 29 and was defective on its face and, therefore, stated no cause of action, providing the cause of action came within the provisions of said paragraphs 15 and 16 relied upon in the motion to strike."

In the Swam case, plaintiff last furnished materials on November 26, 1951, and within 180 days thereafter filed notice of claim on May 16, 1952. Suit was filed June 1, 1953, more than 120 days after plaintiff last furnished materials. The trial court dismissed plaintiff's amended complaint on the ground that the suit was prematurely brought. The surety company contended that the plaintiff could not recover, because of the 1941 amendment to paragraph 15, heretofore set forth. The surety company argued this language limited its liability to only those subcontractors, laborers and materialmen who remain unpaid after final settlement has been made. The opinion does not indicate the dates on which others last worked or furnished materials, but in view of the surety's contentions based on paragraph 15, it is assumed that final settlement between the Board of Education and the general contractor had not taken place. The court held that claimant had met all of the statutory requirements and said (p. 129):

"To hold that such amendment involuntarily limits the liability to those cases where final settlement has taken place would render the 120 days delay period of par. 16 meaningless and unnecessary. We do not believe the legislature intended this result and it is our duty to construe the statute to avoid it."

We agree with this interpretation, because if no suit could be brought until after final settlement, and then the action could be taken immediately, there would be no purpose in mentioning the 120 day delay after the date of the last item of work or furnishing of material. In the Swam case, the court clearly calculated the 120

day period from the date of *claimant's* last labor or material and reversed the trial court's order dismissing the suit because prematurely brought before final settlement.

We believe that if both periods commence to run on the same date and, as held in the Swam case, the 120 day period is to be calculated from the date of each claimant's last labor or material, it follows that the 180 day statutory notice period commences with the same date, i. e., the date of each claimant's last labor or material. To sustain plaintiff's contention would mean that subcontractors or materialmen who participated in the initial work (as the excavator in the instant case), and left the project before its completion, could not sue on the payment bond until the project was completed and final settlement made, perhaps years later. This interpretation could mean financial disaster for many small business men, because it would encourage payment delays.

■■■ Following the procedural parts of paragraph 16 is the following language:

"No defect in the notice herein provided for shall deprive the claimant of his right of action under this article unless it shall affirmatively appear that such defect has prejudiced the rights of an interested party asserting the same."

Plaintiff argues that this provision is not limited to defects in the "form" of the claim and should include situations where it is asserted that the "notice" was not timely served, and that defendant sureties are required to show prejudice when they invoke the defense that the notice was not timely served. We cannot agree with this contention, because such a construction disregards the plain language of the statute. We believe there is a clear distinction between the provision stat-

298

ing the filing of the notice to be a condition precedent to the right to sue, and the provision referring to the defects in the notice itself. We are of the opinion that the provision was intended to prevent technical defects within a timely served notice from destroying a claimant's right to relief.

██ We conclude that the language of paragraph 16, which says that there shall be no right of action until claimant shall have filed a verified notice of his claim with the public authority awarding the contract, must be held to be mandatory, and the filing of the prescribed notice is a condition precedent to the existence of any right of action on the statutory bond, and that the 180 day period within which this notice must be filed commences after the date of claimant's last item of work or materials, if he wishes to be paid before final settlement is made.

Defendant surety companies contend that the foregoing interpretation of the notice requirements of paragraph 16, as applied to the facts in the instant case, precludes plaintiff's recovery on a statutory bond.

██ It is not disputed that paragraphs 15 and 16 are remedial and were intended to protect subcontractors and materialmen for whom no right of mechanic's lien exists against a public work. This being so, these paragraphs should be read together in order to get the true intent of the legislature. Remedial statutes must be construed liberally, and it will be presumed that the legislature did not intend the law to work a hardship or an injustice. People v. Heilman, 263 Ill. App. 514 (1931).

██ The amendment to paragraph 15 (previously set forth in detail) states that each bond shall be deemed to contain the agreement that the principals and sureties on the bond agree to pay all just claims "when such claims are not satisfied out of the contract

299

price of the contract on account of which this bond is given, *after final settlement between the officer, board, commission or agent of the State or of any political subdivision thereof and the principal has been made."* (Italics ours.) We believe this provision, when viewed in the light of the real purpose of the bond, i. e., protection of subcontractors and materialmen, militates against defendants' contention. This provision must be interpreted as not being inconsistent with the notice requirements of paragraph 16 and was intended to give a right of action to unpaid subcontractors and materialmen after final settlement, even though they had not availed themselves of the provisions of paragraph 16, which permits a right of action on the bond prior to final settlement if its requirements are met. Therefore, in the instant case, the Palumbo verified notice of claim, served on the Board of Education more than 180 days after his last work, was sufficient to bring him within the provisions of paragraph 15 in his suit on the bond to recover his unpaid balance, after final settlement had been made between the public body and the principal contractor.

Therefore, the summary judgment of the trial court is reversed and the cause is remanded for further proceedings in accordance with the views expressed herein.

Reversed and remanded.

LEWE, P. J. and KILEY, J., concur.