(No. 36080.— ▮▮▮▮▮▮▮▮

BISMARCK HOTEL Co. *et al.,* Appellees, *vs.* FLORENCE PETRIKO *et al.,*—(BENJAMIN S. ADAMOWSKI, State's Attorney, Appellant.)

*Opinion filed March 29, 1961.*

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRANCIS X. RILEY, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for appellant.

MACLEISH, SPRAY, PRICE & UNDERWOOD, CRANSTON SPRAY, ROBERT S. CUSHMAN, and EDWARD S. SILBER, all of Chicago, (WINSTON, STRAWN, SMITH & PATTERSON, SONNENSCHEIN, LAUTMANN, LEVINSON, RIESER, CARLIN & NATH, FRIEDMAN, ZOLINE & ROSENFIELD, WILLIAM HENNING RUBIN, LAWRENCE LENIT, and ALTHEIMER, GRAY, NAIBURG & LAWTON, all of Chicago, of counsel,) for appellees Bismarck Hotel Co. *et al.;* and DAVID F. SILVERZWEIG, and MYER H. GLADSTONE, both of Chicago, for appellee Rialto Service Company.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a direct appeal from a judgment of the circuit court of Cook County finding a tipping statute embodied in our Criminal Code to be unconstitutional and void in that it violates the due process clauses of both State and Federal constitutions. See: Ill. Rev. Stat. 1959, chap. 38, pars. 551, 552, 553.

The tipping statute, which was enacted in 1915, provides in section 1 : "That it shall be unlawful for the owner, proprietor, lessee, superintendent, manager or agent of any hotel, restaurant, eating house, barber shop, theatre, store building, office building, factory, railroad, street railroad, fair ground, baseball or football ground, hall used for public meetings or entertainments, or any other building, office, or space which is a place of public accommodation or public resort, to rent, lease, or permit to be used any part, space or portion thereof, for any trade, calling or occupation, or for the exercise of any privilege, by any person, company, partnership or corporation, *for the purpose of accepting, demanding or receiving, directly or indirectly,* from the customers, patrons or people who frequent such places of public accommodation or public resort, *gratuities or donations, commonly called tips, in addition to the regular, ordinary and published rate of charge for work performed, materials furnished or services rendered,* provided, that nothing in this section contained shall be construed to prohibit any employee or servant from accepting or receiving gratuities or donations, commonly called tips, if such gratuities or donations, commonly called tips, are not accounted for, paid over, or delivered, directly or indirectly, in whole or in part, to any person, company, partnership or corporation, but are retained by such employee or servant, as and for his absolute and individual property." (Par. 551, emphasis supplied.) Thereafter, section 2 provides that any lease, contract, agreement or understanding in violation of section 1 shall be void (par. 552,) while section 3 makes a violation a misdemeanor subject to a fine up to $10,000 and sentence to the county jail for not less than three months nor more than one year. (Par. 533.)

On or about May 23, 1959, twelve of the plaintiffs, all leading hotels in the city of Chicago, received a letter from the State's Attorney of Cook County which enclosed a copy of the statute and advised the recipients that they were

operating their checkroom facilities in violation of the statute. In addition, the letter served notice that any contracts or agreements in circumvention of the statute were void, advised that similar letters were to be sent to other business esablishments, and gave the plaintiffs until the first week in July to correct their practices.

Under the threat of this communication, plus the fact that they were threatened with damage suits by concessionaires if concession agreements were cancelled, the plaintiffs, joined by a thirteenth hotel, initiated this action for a declaratory judgment either that the statute is inapplicable to their checkrooms and certain other facilities, or that, if applicable, the statute violates certain provisions of the State and Federal constitutions. The concessionaries involved, who were named parties defendant along with the State's Attorney, joined in the plaintiffs' prayers for relief. Plaintiffs then moved for summary judgment, which was granted, and the State's Attorney has prosecuted this appeal. It is his contention that the statute is a reasonable and proper exercise of the police power, while the plaintiffs still insist that it is inapplicable to their operations or, alternatively, that the statute is unconstitutional in many respects.

The facts of the case, which are undisputed, show that two of the plaintiff hotels operate their own concessions and that the balance have agreements with either corporate or individual concessionaires. As to the latter group, the agreements provide that the concessionaires shall render checkroom and washroom services and certain other services set forth in the agreement; that the concessionaires shall make no charge for checkroom or washroom services; that the concessionaires' employees are required to turn over to the concessionaires all tips received; that the concessionaires shall retain all tips paying their employees a fixed wage and meeting all other expenses therefrom; and that the concessionaires shall pay the hotel as compensation for

the concession a fixed amount plus a percentage based upon the concessionaires' receipts.

The concessionaires operate their concessions in accordance with the foregoing contractual stipulations. No charge is made for checking clothing or parcels, nor for the services of attendants in public washrooms, or for soap, towels and toilet facilities which are furnished. Tips given by patrons to the attendants, who are employees of the concessionaires, are turned over to the concessionaires who retain the tips and pay their employees a fixed wage. In some instances special no-tipping arrangements are made for some functions for which a fixed charge is made for checkroom services and no tips are received or accounted for. The two hotels which do not grant concessions, but operate their checkrooms and washrooms through their own employees, likewise make no charge for such services and their employees turn tips over to the hotels and receive a fixed wage.

Under these facts it is our opinion that the statute in question is not applicable to plaintiffs' operations, with the result that any question of the statute's constitutionality is not reached. We have said before that the judicial power to determine the constitutionality of legislation is to be exercised only where it is essential to the disposition of the case, (*Donoho* v. *O'Connell's Inc.,* 18 Ill.2d 432,) and where, as here, both constitutional and nonconstitutional issues are raised, we will not consider the constitutional issues if the cause can be determined on other grounds, even though we acquire jurisdiction of the case because a constitutional question is involved. *City of Detroit* v. *Gould,* 12 Ill.2d 297; *City of Aurora ex rel. Egan* v. *Y.M.C.A.* 9 Ill.2d 286; *Illinois Central Railroad Co.* v. *Illinois Commerce Com.* 411 Ill. 526.

The tipping statute makes it a criminal offense to lease a place of public accommodation for the purpose of demanding or accepting tips, "in addition to the regular, ordinary

and published rates of charge for work performed, materials furnished or service rendered * * *." The undisputed evidence here is that neither the plaintiffs nor the concessionaires make any charge for the work performed, materials furnished or services rendered, thus the employees who work in the concessions never receive and account for tips in addition to regular ordinary and published rates. Hence, by its terms, the tipping statute is inapplicable to plaintiffs' operations.

There is no rule of construction which authorizes us to declare that the legislature did not mean what the plain language of a statute imparts, (*Western National Bank of Cicero* v. *Village of Kildeer,* 19 Ill.2d 342; *Husser* v. *Fouth,* 386 Ill. 188,) and, in addition, we cannot overlook the time-honored rule of construction that a criminal statute must be strictly limited to such subjects as are obviously within its terms. (*Pullman Co.* v. *Cummins,* 10 Ill.2d 454; *City of Elmhurst* v. *Buettgen,* 394 Ill. 248; *United States* v. *Wiltberger,* 5 Wheat. (18 U.S.) 76, 95, 5 L. ed. 37, 42.) When these settled principles of statutory construction are applied to the case at hand, it emerges clearly that the statute is inapplicable to the operation of the checkroom and comparable facilities in plaintiffs' hotels.

Furthermore, while neither conclusive nor controlling on this court, we observe that a comparable construction was arrived at in *Townsend* v. *New York Central Railroad Co.* (7th cir.) 141 F.2d 483, 485, where it was held the statute was inapplicable to the tips given to redcaps, inasmuch as the railroad had no published rates or charges for the services performed by such employees.

For the reason stated, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*