(Nos. 36597, 36599 Cons.—

THE VILLAGE OF RIVER FOREST, Appellee, *vs.* FRANCIS J. VIGNOLA *et al.*, Appellants.

*Opinion filed November 30, 1961.*

THOMAS A. MASS, JR., of Chicago, for appellants.

CHARLES L. MICHOD, of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Defendants, Vignola Furniture Company and its president, Francis J. Vignola, were found guilty by a police magistrate of violating the Sunday closing ordinance of the village of River Forest. The complaint charged that the defendants "did engage in the business of selling and dispensing furniture on Sunday and did engage in the business of selling, rendering and performing personal services and labor from an established place of business," in violation of the River Forest Code of 1957. Upon appeal the criminal court of Cook County heard the case on a stipulation of facts, and reversed the judgment of the police magistrate. The village appealed, and the Appellate Court upheld the magistrate's decision and reversed the judgment of the criminal court. (30 Ill. App. 2d 52.) We allowed the defendants' petition for leave to appeal, and consolidated the case with an appeal of right previously taken by the defendants under section 74 of the Civil Practice Act. Ill. Rev. Stat. 1959, chap. 110, par. 74.

It is stipulated that the defendants advertised an "Open

House" on Sundays during the summer. The advertisement issued "an invitation to enjoy a leisurely stroll in air conditioned comfort, through our many rooms." It announced that there would be "no selling on Sunday—just Browsing." It also stated that "qualified staff decorators will be on hand to answer your color and arrangement questions." It is further stipulated that the store was open on Sunday, July 5, 1959, and that 70 persons, not employees, were in the store "browsing" between 2:00 P.M. and 4:30 P.M. on that date. It is not stipulated, however, that any sales were made or any services were rendered, and there is no evidence of any sales or services.

In their arguments before this court the parties have devoted much attention to constitutional issues which we do not reach. The complaint charges the defendants, in the words of sections 30.1 and 30.4 of the ordinance, with "selling and dispensing furniture" and "selling, rendering and performing personal services and labor." The record before us, however, does not suggest that any sales were made or any services rendered.

The village urges that "browsing" is a part of the selling process, or even the first step in a sale, and the Appellate Court held that the ordinance "should have the broad meaning which includes those activities reasonably and usually connected with selling."

We do not agree with this interpretation. When it is intended to prohibit not only sales, but also offers to sell, or other steps in the selling process, it is customary legislative practice to say so. (See, e.g., Ill. Rev. Stat. 1959, chap. 38, pars. 4, 15, 26, 69, 192.28—2.11; chap. 121½, par. 137.2.) The conduct that would be embraced within an ordinance that prohibits "offering or exposing for sale" is very different from that covered by an ordinance which prohibits only sales. The ordinance carries a penalty and is therefore not to be expanded by construction. See: *Illinois Bell Telephone Co. v. Fox*, 402 Ill. 617; *Bismarck Hotel Co. v.*

*Petriko,* 21 Ill.2d 481; *City of Chicago* v. *S. S. Elevated R. Co.* 183 Ill. App. 181.

Since the evidence does not show that the defendants committed the offense with which they were charged, the judgment of the Appellate Court must be reversed.

*Judgment reversed.*