COOK COUNTY, Plaintiff-Appellant, *v.* THOMAS RECREATIONAL VEHICLE, Defendant-Appellee.

First District (1st Division)   No. 78-751

Opinion filed February 5, 1979.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Scott Peters, Assistant State's Attorneys, of counsel), for appellant.

Robert E. Zeitner, of Chicago, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal of an order of the Circuit Court of Cook County dismissing a complaint brought by Cook County officials (hereinafter called "the County"), alleging Thomas Recreational Vehicle, Thomas

Egan, registered agent, (hereinafter called "defendant"), violated the Cook County Building Ordinance.

The question presented on appeal is whether the Cook County Building Ordinance applies to a trailer which has electrical and plumbing connections to local power, water and sewers and which is being used as a sales office.

The defendant has been using a mobile home trailer as a sales office in unincorporated Cook County, Illinois. After the mobile home was connected to waste disposal, water and electrical systems, it was inspected by an inspector for the Cook County Building and Zoning Department. The inspector reported the violations alleged in the complaint.

The defendant filed a motion to dismiss on the grounds that the ordinance does not apply to mobile home trailers. Said motion was granted by the trial court and the County has taken this appeal.

The provisions of the Cook County Building Ordinance allegedly violated by the defendant in this action apply to buildings or structures, which are defined in the Ordinance as follows:

"Building is a structure, or part thereof, built for the support, shelter, or enclosure of persons, animals, chattels, or movable property of any kind and which is permanently affixed to the land. When separated by fire walls each unit so separated shall be deemed a separate building.

\* \* \*

Structure is an assembly of materials forming a construction for occupancy or use, including among others: buildings, stadia, reviewing stands, platforms, observation towers, radio towers, water tanks, trestles, piers, open sheds, cool silos, shelters, fences and display signs." Cook County Building Ordinance, art. III, §3.2 (definitions).

The County has conceded that mobile home trailers are not buildings as defined in the Ordinance, yet nevertheless, claims that the defendant must comply with the Ordinance because the trailer in question comes under the Ordinance's definition of structure.

Cook County has set out its definition of a trailer in the Cook County Zoning Ordinance, article 14, section 14.2, which provides as follows:

"A 'trailer' is any vehicle, house car, camp car, recreational vehicle, or any portable or mobile vehicle on wheels, jacks, horses, skids, or blocks, and with or without motor power; which is used, adapted, or designed for living, sleeping, business, trade, occupation, or storage purposes. A permanent foundation shall not change its character unless the entire structure meets County Building regulations."

By the County's definition a trailer is a vehicle. This shows that the County does know the nature of trailers and has chosen to regulate the placement of such vehicles through its Zoning Ordinance. There is no such specific regulation of individual trailers in the Building Ordinance.

The Building Ordinance regulates "structures," and, generally the items specified in the definition of the term structure are in the nature of fixtures. They normally are permanently attached to the property and become part and parcel of the land. They are ordinarily sold with the land, unless otherwise specified. Trailers, however, are separately titled. (Ill. Rev. Stat. 1975, ch. 95½, pars. 3—101, 3—402A.) They are ordinarily transferred separately from the land upon which they rest. Because a trailer can be distinguished from the items expressly mentioned in the definition of structure in the Cook County Building Ordinance, it is unclear whether a trailer was intended to come under the definition of structure by way of the phrase, "including among others." Further analysis of the question requires recognition of the rules of statutory construction.

■■ Since the Cook County Building Ordinance commands certain acts and establishes penalties for their violations, it falls under the generally accepted definition of a penal statute. (See *Hoskins Coal & Dock Corp. v. Truax Traer Coal Co.* (7th Cir. 1951), 191 F.2d 912, *cert. denied* (1952), 342 U.S. 947, 96 L. Ed. 704, 72 S. Ct. 555; *Salzman v. Boeing* (1940), 304 Ill. App. 405, 26 N.E.2d 696.) This is in contrast to a remedial statute which undertakes to remedy a wrong against an individual (see generally *Huntington v. Attrill* (1892), 146 U.S. 657, 36 L. Ed. 1123; *Bell v. Farwell* (1898), 176 Ill. 489, 52 N.E. 346) and should be liberally construed. *Board of Education v. Pacific National Fire Insurance Co.* (1958), 19 Ill. App. 2d 290, 153 N.E.2d 498.

■■ Penal statutes should be strictly construed (*Midwest Television, Inc. v. Champaign-Urbana Communications, Inc.* (1976), 37 Ill. App. 3d 926, 347 N.E.2d 34) and must be strictly limited in their interpretation to such objects as are obviously within their terms (*Bismark Hotel Co. v. Petriko* (1961), 21 Ill. 2d 481, 173 N.E.2d 509).

■■ Applying the rules of statutory construction and recognizing that a trailer is somewhat different from those items specified in the definition of structure in the Cook County Building Ordinance, we hold that a trailer does not come within said definition of structure and therefore is not regulated by the Cook County Building Ordinance.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

McGLOON and O'CONNOR, JJ., concur.