Robert J. **BITTS** and Martha V. Bitts, Petitioners–Appellants,

v.

**BOARD OF ADJUSTMENT OF the CITY OF LITTLETON, and the City of Little-ton, Colorado, Respondents–Appellees.**

No. 87CA0811.

Colorado Court of Appeals, Div. II.

Nov. 17, 1988.

Treece & Bahr, James L. Treece, Little-ton, for petitioners-appellants.

Larry W. Berkowitz, Littleton City Atty., Barry A. Segal, Richard J. Gleason, Asst. City Attys., Littleton, for respondents-appellees.

SMITH, Judge.

The petitioners, Robert J. and Martha V. Bitts, appeal from a declaratory judgment in favor of defendants, Board of Adjustment of the City of Littleton (board) and the City of Littleton, Colorado (City), interpreting the City's zoning ordinance which provides for accessory uses on property. We affirm.

The Bitts are the owners of real property located in a district of the City zoned for multiple uses. A building and a detached garage are located on the property. The Bitts leased the building to a newspaper company and leased the detached garage to a separate lessee, Guy Michaels. Michaels conducted an automobile repair business from the garage without plaintiffs' knowledge.

The City issued a cease and desist order to Bitts regarding the automotive repair shop. With the aid of the zoning administrator, Mr. Bitts prepared an application to appear before the board, and the board ultimately concluded that plaintiffs could not lease the two structures on the property to two separate lessees.

The Bitts sought review of the board's decision by filing an action under C.R.C.P. 106(a)(4). With permission of the court, they amended their complaint and sought declaratory relief and interpretation of the zoning ordinance in their favor. As a result of this amendment, plaintiffs asserted that the district court's review was not limited to determining whether the board had abused its discretion, but rather, that the court had an obligation to interpret correctly the zoning ordinance in question.

The district court concluded that the board did not abuse its discretion and agreed with the board's interpretation of Littleton City Code § 10–5–21(D). Therefore, it affirmed the board's decision and ordered that judgment enter against the Bitts. The sole issue presented here is the correct interpretation of the municipal ordinance relied upon by the board.

Littleton City Code 10–5–21(D) provides: "Accessory Uses Permitted:

1. General. Incidental only on a primary permitted use, any use which complies with all of the following conditions may be operated as an accessory use:

a. Is clearly incidental and customary to, and commonly associated with, the primary permitted use;

b. Is operated and maintained under the same ownership or by lessees or concessionaires thereof, and on the same lot as the primary permitted use;

c. Does not include structures or structural features inconsistent with the primary permitted use;

d. If operated partially or entirely within the primary structure, does not occupy more than ten percent (10%) of the gross floor area of such structure; if operated outside the primary structure, does not occupy more than ten percent (10%) of the area of the lot; provided, however, that this limitation shall not apply to detached garages or carports used exclusively by occupants of the primary structure."

Plaintiffs contend that since they owned the lot on which both the building and detached garage were located, the several lessees were "lessees of the same ownership." They interpret the word "thereof" as referring to the phrase "the same ownership" or the word "lessees" to assert that use of an accessory structure by a lessee of the same owner is a permitted use.

City maintains that use of the plural "lessees" contemplates joint lessees for the entirety of the property. It argues that plaintiffs are not prohibited from leasing the detached garage to a separate lessee as long as certain improvements are made to the structure. Absent such upgrades, plaintiffs are restricted to leasing the garage to the same person or entity that leases the building. We agree.

The same rules of construction apply to interpret ambiguous provisions of either statutes or municipal ordinances.

*Gomez v. City of Sheridan,* 611 F.Supp. 230 (D.Colo.1985). If a statute is ambiguous, relevant considerations include ascertainment of legislative intent and consideration of the consequences of a particular construction. *In re Petition of U.M. v. District Court,* 631 P.2d 165 (Colo.1981). Where separate clauses in the same statutory scheme may be harmonized by one construction, but would be antagonistic under a different construction, the construction that should be adopted is that which results in harmony rather than that which produces inconsistency. *Mooney v. Kuiper,* 194 Colo. 477, 573 P.2d 538 (1978).

Applying these principles here, we conclude that plaintiffs' construction of the language contained in the quoted sections of the Code would allow property owners to circumvent provisions of the City's building code that sets minimum safety standards for occupied structures.

A certificate of occupancy may be issued for each primary structure on a property. However, Littleton's building code establishes certain requirements that must be met by an owner in order to obtain such a certificate for a structure. Here, although two primary uses would have been allowed on the property since the Bitts' lot was located in a commercial zone, the detached garage was not in compliance with the requirements necessary to obtain a certificate of occupancy. Upgrades, including separate electrical service, separate utilities, and fireproofing, were required to obtain such a certificate for the detached garage.

Adoption of plaintiffs' interpretation of the ordinance at issue would permit a result not otherwise allowable. By definition, a use which is expressly prohibited in a zoning ordinance cannot be an accessory or incidental use. *City of Sheridan v. Keen,* 34 Colo.App. 228, 524 P.2d 1390 (1974). On the other hand, City's construction of the ordinance avoids such inconsistency and operates to harmonize the various local ordinances.

Thus, we adopt City's construction of its zoning ordinance and conclude that Littleton City Code 10–5–21(D) does not allow plaintiffs to lease a primary structure and an accessory structure on a property lot to separate lessees having no common interests in the structures.

Accordingly, the judgment of the trial court is affirmed.

REED and ENOCH *, JJ., concur.