THE VILLAGE OF SOUTH HOLLAND, Plaintiff-Appellant, v. RICHARD CHERNICK *et al.*, Defendants-Appellees.

First District (5th Division) Nos. 1—89—2879, 1—89—2909, 1—90—0134 cons.

Opinion filed August 7, 1992.

Buikema, Hiskes, Dillner, O'Donnell & Marovich, Ltd., of South Holland (Michael J. Marovich and Ronald Buikema, of counsel), for appellant.

Bruce M. Bozich and Clifford Lee Gunter, both of South Holland, for appellees.

JUSTICE GORDON delivered the opinion of the court.

Plaintiff, the Village of South Holland, appeals from the trial court's dismissal of 27 complaints against defendants Truck-o-mat and Kar Kleen Car Wash charging them with violating the village's Sunday closing ordinance by selling vehicle washes on Sunday. Defendant Truck-o-mat is a truck stop in the primary businesses of selling diesel fuel and truck washes. Defendant Kar Kleen Car Wash is a car/van wash. Both are located in the Village of South Holland.

At a hearing held on September 26, 1989, the court granted a motion by Kar Kleen to dismiss nine complaints against it, on the

basis that the ordinance by its explicit language appeared to exempt the washing of motor vehicles from its proscriptions.

The village filed a petition for rehearing, arguing that the apparent exemption was a typographical error which should be ignored. Defense counsel appears to have conceded that such an error had occurred, noting the village board's swift action in amending the ordinance after it learned of the error at the September 26 hearing. He argued, however, that the court should strictly construe the ordinance in defendant's favor, for to do otherwise would violate its right to notice. The court denied the village's petition.

Subsequent motions to dismiss the remainder of the complaints based upon the September 26 ruling were filed by both defendants. These motions were granted following hearings held on October 12, 1989, and December 28, 1989. The basis for these dismissals was, as in the case of the September 26 dismissals, that the ordinance by its explicit language appeared to exempt the washing of motor vehicles from its proscriptions.

The village appealed from each order of dismissal, and the three appeals were consolidated into this single appeal. For the reasons set forth below, we reverse and remand.

The South Holland Sunday closing ordinance has been in effect since 1956 and contains four subsections. Subsection (a) deals with wholesale and retail merchandising, subsection (b) deals with manufacturing and construction and subsection (d) is concerned with personal services and ordinary labor. This appeal involves subsection (c), which is entitled "Repair and Maintenance Work."

As enacted in 1956, subsection (c) prohibited, *inter alia*, the cleaning or washing on Sunday of property of any kind from an established or temporary place of business. It also contained an exemption for the emergency repair of various items, including motor vehicles.

In 1960, the prohibition in subsection (c) against activities conducted from a temporary place of business was lifted. The remainder of the subsection was unchanged.

In 1970, subsection (b) was amended. Subsection (c) was not changed and reads as follows:

> "(c) Repair and Maintenance Work. It shall be unlawful for any person, firm, corporation or association to engage in the business of repairing, maintaining, renovating, rehabilitating, cleaning, or washing property of any kind or description, from an established place of business, on the first day of the week, commonly called Sunday, within the Village of South

Holland; provided, however, that this section shall not be applicable to works of charity or to the emergency repair *of motor vehicles*, public transportation equipment, public utility equipment, or to the repair or maintenance of property necessary to meet the emergency needs of the public on Sunday in the Village of South Holland." (Emphasis added.) Village of South Holland, Ill., Code §9—3(c).

It is undisputed that in 1987, subsections (a), (b) and (d) were amended. These amendments were effected by an ordinance entitled "An Ordinance Amending 'the Code of the Village of South Holland, Illinois,' Adopted December 7, 1987," which on its face purports to amend subsections (a), (b) and (d) by deleting the previous subsections and inserting in their place new language contained in the ordinance. The amending ordinance makes no mention of subsection (c).

Following those amendments, the village ordinance books were sent to the Municipal Code Corporation of Florida for printing and publication. (See Ill. Rev. Stat. 1987, ch. 24, par. 1—2—4 (which requires all municipal ordinances imposing fines or penalties to be printed or published).) As printed, the ordinance at issue also reflects a change in subsection (c), and reads:

"(c) Repair and Maintenance Work. It shall be unlawful for any person to engage in the business of repairing, maintaining, renovating, rehabilitating, cleaning, or washing property of any kind or description, from established place of business, on the first day of the week, commonly called Sunday, within the village provided, that this subsection shall not be applicable to works of charity or to the emergency repair *or motor vehicles*, public transportation equipment, public utility equipment, or to the repair or maintenance of property necessary to meet the emergency needs of the public on Sunday in the Village." (Emphasis added.) Village of South Holland, Ill., Code §9—3(c).

The village contends that the substitution of the word "or" for the word "of" preceding "motor vehicles" in the printed version was not an amendment but is a typographical error which occurred when the ordinance was sent out to be printed, and urges that we should construe the ordinance as passed and hold that no exemption for the commercial washing of motor vehicles exists.

■■ The law regarding typographical errors is clear. Our primary responsibility in construing a statute is to effectuate the intent of the legislature, and when necessary to achieve that goal, we

may "alter, supply or modify words and correct obvious mistakes." (*People v. Garrison* (1980), 82 Ill. 2d 444, 455, 412 N.E.2d 483.) To ascertain that intent, we look not only to the language used, but also to the history and course of the legislation and recent legislative action. *Carey v. Elrod* (1971), 49 Ill. 2d 464, 471-72, 275 N.E.2d 367.

The village has offered copies, certified by the deputy village clerk as true and correct, of the ordinance as originally adopted in 1956 and as amended in 1960 and 1970. These copies all prohibit the commercial washing of motor vehicles on Sunday and show that instead of "or," the word "of" preceded "motor vehicles." (See *Kostelnak v. Retirement Board of the Policemen's Annuity & Benefit Fund* (1980), 84 Ill. App. 3d 616, 405 N.E.2d 1170 (court corrected transposition error which changed "1967" to "1976" where prior versions of bill all read "1967" and no intent was found to change the date).) As noted above, subsections (a), (b), and (d) were amended by village ordinance in 1987. There is no such ordinance regarding subsection (c). (See *Carey v. Elrod*, 49 Ill. 2d 464, 275 N.E.2d 367 (court construed statute to include entire paragraph erroneously deleted by amendment where it found no intent to delete the paragraph).) Furthermore, immediately after it was made aware of the error at the September 26, 1989, hearing, the village board amended the ordinance to correct the error. (See *Carey v. Elrod*, 49 Ill. 2d 464, 275 N.E.2d 367 (prompt amendment to correct error considered evidence of legislative intent).) As previously noted, attorneys for the defendants acknowledged at oral argument before the trial court that such correction had been made.

Moreover, it seems apparent from the face of the ordinance itself that an error occurred when the ordinance was printed. A single letter in a single word was changed. "Of" became "or." To deny that the substitution of the word "or" for the word "of" was anything but a typographical error would require us to assume that the village board in enacting its amendment abandoned any effort to maintain the internal cohesion and grammatical integrity of that provision.

■■ When read with the word "of" rather than "or," the statute contains three exemptions parallel in structure: works *of* charity; the emergency repair *of* motor vehicles, public transportation and public utility equipment; and repair or maintenance *of* property necessary to meet the emergency needs of the public. In this form, the ordinance prohibits certain activities, *i.e.*, repairing, maintaining, renovating, rehabilitating, cleaning and washing, and the provi-

sion providing exemptions also addresses activities, namely, emergency repair and maintenance. To accept the substitution of "or" for "of" leaves the phrase "the emergency repair" dangling and without an object and without defining or designating what classes of material are to be the object of such exempted repair. Moreover, it would purport to leave classes of property exempted without reference to *any activity* regarding such property.

Defendants contend on appeal that the word "or" is not a typographical error but rather a substantive amendment to the ordinance. In support of this argument, defendants point to several other modifications to subsection (c) that were apparently intended. The words "person, firm, corporation or association" were changed to "person." The phrase "from an established place of business" was changed to "from established place of business." "Provided however" was changed to simply "provided" and "section" was changed to "subsection." In two places "the Village of South Holland" was shortened to "the village." While the source of these changes is unclear, it is clear that none substantively changed the provisions of subsection (c), and merely involved the honing and polishing of the language of the ordinance. None of these changes to subsection (c) are contained in the ordinance which amended subsections (a), (b) and (d). Moreover, defendants appeared to have conceded that a typographical error rather than an amendment was responsible for the change of "of" to "or" when they acknowledged before the trial court the village's prompt action in correcting the error.

Accordingly, we believe it is clear that the intent of the South Holland village board was to prohibit commercial motor vehicle washing on Sunday, and so construe the ordinance.

Although we have concluded that the village board did not intend to provide an exemption for the washing of motor vehicles, the question of notice remains. A statute must adequately warn potential violators of the conduct proscribed, and conduct not clearly with the scope of the statute may not be brought within its operation by mere construction. (*City of Chicago v. South Side Elevated R.R. Co.* (1913), 183 Ill. App. 181, 185. See also *Village of River Forest v. Vignola* (1961), 23 Ill. 2d 411, 413, 178 N.E.2d 364.) Whether adequate warning is provided is determined by the factual context of each case. See *People v. Garrison*, 82 Ill. 2d at 454-56 (in which the court held that footnotes to the word "excepted" in two statutory compilations which indicated that the word should

probably read "expected" "adequately warned the defendant of the intention of the legislature").

The village contends that both defendants had prior notice of the contents of the ordinance before the error occurred since they were in business prior to 1987. While an affidavit from its general manager establishes that Truck-o-mat has been in business at least since 1975, the record is silent regarding Kar Kleen. Thus we cannot say with any certainty that Kar Kleen had prior notice by virtue of being in business prior to 1987.

■■ Moreover, defendants urge that the village should be estopped from arguing the defendants' prior notice of the contents of the ordinance because the village had never enforced the ban on vehicle washes prior to the complaints here at issue. However, a policy of nonenforcement alone would be insufficient to create an estoppel against the village. To invoke estoppel against a municipality, it must be shown that "(1) there occurred an affirmative act on the part of the municipality and that (2) the affirmative act induced substantial reliance." (*VonBokel v. City of Breese* (1981), 100 Ill. App. 3d 956, 961, 427 N.E.2d 322. See also *Department of Public Works & Buildings v. Exchange National Bank* (1975), 31 Ill. App. 3d 88, 334 N.E.2d 810; *New-Mark Builders, Inc. v. City of Aurora* (1967), 90 Ill. App. 2d 98, 233 N.E.2d 44.) Neither has been demonstrated here.

■■ It is arguable that defendants may have been on sufficient notice by virtue of the ordinance itself as printed. As discussed above, the ordinance as printed in 1987 makes little logical or grammatical sense, and the substitution of "r" for "f" in subsection (c) is manifest from its context. This fact may by itself have been adequate notice to defendants that the village board did not intend to create an exemption for motor vehicles.

We need not, however, resolve the question of whether defendants had sufficient notice of the prohibition against motor vehicle washing on Sunday. Since we have determined that the trial court incorrectly found that the ordinance contained an exemption for the washing of motor vehicles and dismissed the complaints on that basis, we must remand the matter. On remand, the trial court may consider the issue of notice.

■■ Finally, defendants argue that the ordinance is unconstitutional as vague and an unlawful use of the police power. These same arguments were extensively discussed and rejected by the Illinois Supreme Court in *Opyt's Amoco, Inc. v. Village of South Holland* (1992), 149 Ill. 2d 265, decided during the pendency of this ap-

peal. The court upheld the constitutionality of this ordinance, stating "[w]e have reviewed the ordinance in its entirety and find that it is a reasonable means of promoting a legitimate governmental objective. Further, we find the exceptions contained in the ordinance do not render the ordinance arbitrary." *Opyt's Amoco, Inc. v. Village of South Holland,* 149 Ill. 2d at 276.

Accordingly, for all the above reasons, we hold that the trial court erred in dismissing the complaints against defendants based on an exemption in the ordinance, and we reverse and remand the matter to the trial court for further proceedings.

Reversed and remanded.

McNULTY, P.J., and LORENZ, J., concur.