W. Robert EASON, Plaintiff–Appellant,

v.

The TOWN OF ERIE, a Colorado statutory town; Victor F. Smith, Mayor; Richard Sisk, Lynn Morgan, Judi Haglin, Thomas Van Lone, Dennis Wiley, Debbie Langerak, Trustees for the Town of Erie; Cindy Keith and Malcolm Lopez, Former Trustees for the Town of Erie; Lisa M. Marino, Town Clerk; and Herbert Paddock, Chief Building Official, Defendants–Appellees.

The Town of Erie, a Colorado statutory town, Plaintiff–Appellee,

v.

William Robert Eason Defendant–Appellant.

Nos. 97CA1988, 98CA0874.

Colorado Court of Appeals, Div. I.

Sept. 16, 1999.

Certiorari Granted May 1, 2000.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, Colorado; Doty & Shapiro, P.C., Mark R. Shapiro, Boulder, Colorado, for Defendants–Appellees and Plaintiff–Appellee.

French & Stone, P.C., Joseph C. French, David M. Haynes, Boulder, Colorado, for Plaintiff–Appellant and Defendant–Appellant.

Opinion by Judge METZGER.

In these two proceedings concerning the same dispute and consolidated for purposes

of disposition, W. Robert Eason appeals the trial court's order granting an injunction to the Town of Erie and dismissing his counterclaims (Colo.App. No. 97CA1988) and the judgment in a separate action dismissing his claims against Erie (Colo.App. No. 98CA0874). We reverse and remand for further proceedings.

This dispute arose after Eason began placing semi-trailers for use as storage units on his property located in Erie. During the fall of 1994, before moving the semi-trailers onto his property, Eason had met with various town officials regarding his proposed use of the property, and had made a presentation to the planning and zoning board. In October 1995, a newly appointed building official told Eason he had to apply for building permits, that his trailers would not meet the new building code requirements, and that, therefore, any applications would be denied.

In January 1996, Eason moved the first 15 semi-trailers onto his property. In May 1996, Erie passed Ordinance 511, terming it an "emergency ordinance," which prohibited the use of semi-trailers for storage. In June 1996, Eason submitted a "Business License Application" which was rejected by Erie on the basis of Ordinance 511. Erie then issued Eason a "Notice to Abate" asserting that the semi-trailers were in violation of the building code and Ordinance 511.

On July 31, 1996, Eason filed an action against Erie, asserting, among other things, claims for declaratory and injunctive relief concerning the denial of his business license application, for estoppel, and for inverse condemnation (Colo.App. No. 97CA1988). In September 1996, Erie filed an action seeking, among other things, to enjoin Eason from placing additional trailers on his property and to force the removal of the trailers parked on the property (Colo.App. No. 98CA0874).

In July 1997, the trial court granted Erie's request for injunctive relief in 98CA0874, and dismissed Eason's counterclaims. The trial court ruled as a matter of law that: (1) Eason's trailers were "structures" as defined in the Uniform Building Code and, therefore, required building permits; (2) Eason could use the semi-trailers for storage if he com-

plied with Erie's building code; (3) Eason was not required to obtain a business license because Erie had no business license ordinance; and (4) there had been no taking of Eason's property without just compensation. It also ruled that Erie had conceded that Ordinance 511 was not applicable to Eason.

Following Eason's motion for reconsideration, the trial court modified its ruling to hold that Eason could keep his semi-trailers on his lot without a building permit, as long as they were not used for storage. The court also entered an order in 97CA1988 dismissing Eason's claims "[f]or the reasons set forth in the Court's decision in [98CA0874]."

I.

■ Eason first argues the trial court erred in ruling as a matter of law that semi-trailers are structures under the Uniform Building Code (UBC). We agree.

The interpretation of a municipal ordinance involves a question of law. *Cherry Hills Farms, Inc. v. City of Cherry Hills Village,* 670 P.2d 779 (Colo.1983).

■ The same rules of construction apply to interpret ambiguous provisions of statutes and municipal ordinances. If a statute is ambiguous, relevant considerations include the ascertainment of legislative intent and consideration of the consequences of a particular construction. *Bitts v. Board of Adjustment,* 765 P.2d 1077 (Colo.App.1988). Courts must presume that, in enacting a statute, a just and reasonable result was intended, and any construction which defeats that intent or which leads to an absurd result will not be followed. *American Respiratory Care Services v. Manager of Revenue,* 835 P.2d 623 (Colo.App.1992).

Erie adopted the UBC in Ordinance 480. The purpose of the UBC is "to provide minimum standards to safeguard life or limb, health, property and public welfare by regulating and controlling the design, construction, quality of materials, use and occupancy, location and maintenance of all buildings and structures...." UBC § 101.2.

The UBC provides that no building shall be erected, moved, added to, or structurally

altered without the necessary building permits. UBC § 106.1. The UBC defines "building" as "any structure used or intended for supporting or sheltering any use or occupancy" and "structure" as "that which is built or constructed, an edifice or building of any kind, or any piece of work artificially built up or composed of parts joined together in some definite manner." UBC § 203 and § 220.

Erie asserts that the concern with Eason's use of semi-trailers as storage units is public safety. Thus, it argues, the definition of "structure" must be read to encompass all semi-trailers. However, Erie's building code expert testified that not all semi-trailers used for storage would qualify as "structures." Specifically, he noted, semi-trailers used on construction sites for storage or office space would not be considered structures and, thus, would not require permits.

This interpretation by its expert is inconsistent with Erie's argument. While construction trailers may be temporary, if they are to be included within Erie's argument concerning the definition of structures, a special permit would still be required under the UBC. UBC § 3103.

Additionally, Erie's argument logically leads to the conclusion that any constructed object moved onto property for any use would be a structure requiring a permit. This interpretation is so broad that it would include an automobile. Since the results of this interpretation are absurd, and conflict with Erie's expert's opinion, they militate against its adoption. See American Respiratory Care Services v. Manager of Revenue, supra.

Moreover, we reject Erie's assertion that the decision in People v. Moyer, 635 P.2d 553 (Colo.1981) supports its argument. In Moyer, the supreme court held that, for purposes of Colorado's second degree burglary statute, a fenced enclosure, surrounding a concrete building, that served as a dog pound was an "occupied structure."

However, that decision relied on the definition of "occupied structure" in § 18-4-101(2), C.R.S.1999: "[A]ny area, place, facility, or enclosure which, for particular purposes, may be used by persons or animals upon occa-

sions, whether or not included within the definition of 'building' in subsection 1 of this section. . . ."

The interpretation of one statute by reference to an unrelated statute is unreliable. See Bertrand v. Board of County Commissioners, 872 P.2d 223 (Colo.1994).

The definition of "occupied structure" in the criminal code is much broader than the definition of "structure" in the UBC. Further, the definition of "building" in § 18-4-101(1), C.R.S.1999, specifically includes a trailer. Thus, the decision in People v. Moyer, supra, is not persuasive.

Here, there is no evidence that the semi-trailers were permanent fixtures on Eason's property. They were not affixed to the property in any manner, and no foundation was built for them. Further, the wheels had not been removed from the semi-trailers, and although they were not licensed, the semi-trailers remained mobile. Indeed, Eason stated he anticipated moving the semi-trailers in the future if the land could be put to better use.

Courts in other jurisdictions, when confronted with similar situations, have interpreted the term "structure" in the UBC in a manner similar to ours. See Cook County v. Thomas Recreational Vehicle, 68 Ill.App.3d 582, 25 Ill.Dec. 320, 386 N.E.2d 591 (1979) (holding that, since trailers are separately titled and ordinarily transferred separately from the land, they are not within the definition of structure); City of Dublin v. Finkes, 83 Ohio App.3d 687, 615 N.E.2d 690 (1992) (a trash dumpster is not a structure); Walker v. Ehlinger, 544 Pa. 298, 676 A.2d 213 (1996) (because concrete barriers, measuring 8' × 3' × 1' and weighing two tons each, were not affixed to the property, they were not structures, even though their weight rendered them virtually immovable).

Thus, we conclude that the semi-trailers here do not constitute "structures" as defined by the UBC. Therefore, the trial court's order and judgment cannot stand.

## II.

Eason also contests the validity of Ordinance 511 which was passed as an "emergen-

cy ordinance" to stop the use of semi-trailers as structures. The trial court ruled as a matter of law that Ordinance 511 does not apply to Eason. Since neither party has appealed this ruling, it must stand, and we will not address Eason's argument.

The trial court did not consider any evidence pertaining to the other issues raised in 98CA1988 or in 98CA0874. However, in light of our disposition, the parties should be permitted to litigate these issues.

The order and judgment are reversed and the causes are remanded for further proceedings.

Judge TAUBMAN and Justice ERICKSON,* concur.